429 So.2d 1232 (1983)
SOUTHEAST VOLUSIA HOSPITAL DISTRICT, d/b/a Fish Memorial Hospital, Appellant,
v.
NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, RWDSU, AFL-CIO, and Public Employees Relations Commission, Appellees.
No. 82-581.
District Court of Appeal of Florida, Fifth District.
March 16, 1983.
Rehearing Denied April 20, 1983.
William E. Sizemore of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
*1233 Tobe Lev of Egan, Williams & Lev, Orlando, for appellee Nat. Union of Hosp. and Health Care Employees.
Vernon Townes Grizzard, Deputy Asst. Gen. Counsel, and N. Sherrill Newton, Staff Counsel, Tallahassee, for appellee Public Employees Relations Com'n.
COBB, Judge.
The issue in this case is whether section 447.307 of the Public Employees Relations Act permits simultaneous voting on the issues of bargaining unit structure and union representation. For the reasons stated below, we hold it does not.
On October 7, 1981, the National Union of Hospital and Health Care Employees, RWDSU, AFL-CIO (Union), filed a petition with the Public Employees Relations Commission (PERC) requesting an election to determine whether it would become the exclusive bargaining agent for employees of Southeast Volusia Hospital, d/b/a Fish Memorial Hospital (Hospital). The Union sought to represent a comprehensive unit of the professional and non-professional employees of the hospital. This desire to represent both statuses of employees implicated the following provision of the Public Employees Relations Act:
[N]o unit shall be established or approved for purposes of collective bargaining which includes both professional and nonprofessional employees unless a majority of each group votes for inclusion in such unit.
Section 447.307(4), Florida Statutes (1981).
On January 15, 1982, after determining which employees were "professional," PERC ordered an election for February 19, 1982, to determine whether the employees wanted to be represented by the union and whether they wanted a common or separate unit. On February 5, 1982, PERC's election agent mailed to the Hospital the Notice of Election indicating the date of the election and including sample ballots. The questions presented to the professional employees were:
Unit A: Professional Employees
Question 1: Do you want professional employees to be included in the same bargaining unit with non-professional employees for the purpose of collective bargaining?
Question 2: Do you want to be represented for the purpose of collective bargaining by the National Union of Hospital and Health Care Employees, RWDSU, AFL-CIO?
The following questions were presented to the non-professional employees:
Unit B: Non-Professional Employees
Question 1: Do you want non-professional employees to be included in the same bargaining unit with professional employees for the purpose of collective bargaining?
Question 2: Do you want to be represented for the purpose of collective bargaining by the National Union of Hospital and Health Care Employees, RWDSU, AFL-CIO?
The results of the February 19 election were:

UNIT ISSUE RESULT
Professional Mixed Bargaining 34 in favor,
 Unit 39 against
 Union Representation 31 in favor,
 42 against
Non-Professional Mixed Bargaining 167 in favor,
 Unit 58 against
 Union Representation 128 in favor,
 106 against

Thereafter, in a petition to PERC, the Hospital contested the election. Listed below is the Hospital's objection relevant to this decision:
1. By conducting the voting on the two issues simultaneously (bargaining unit structure and union representation), the voters were deprived when voting on the union question of the knowledge of the bargaining unit in which the union would represent them.
PERC overruled the Hospital's objections and dismissed the petition by an order issued on April 6, 1982. PERC then issued a Certification of Exclusive Bargaining Representative, which obligated the hospital to recognize the union as the exclusive bargaining agent for all employees in the non-professional unit. The Hospital filed a *1234 timely notice of appeal with this court from the Certification.
The appellees argue the Hospital waived its objections by failing to timely raise them before the election as required by Florida Administrative Code 38D-18.01(3). See Brevard Community College v. Florida PERC, 376 So.2d 16 (Fla. 5th DCA 1979), cert. denied, 388 So.2d 1110 (Fla. 1980). We reject this contention because PERC did not dismiss the post-election objections on grounds of waiver, but instead considered the substantive issues in its April 6 order.
The Hospital contends that PERC misinterpreted section 447.307, Florida Statutes (1981), by requiring the employees to vote on whether they desired union representation before they knew the bargaining unit in which the representation would take place. The provisions of this section pertinent to the issue are as follows:
447.307(3)(a) [I]f the commission finds upon the record of the hearing that the petition is sufficient, it shall immediately:
1. Define the proposed bargaining unit and determine which public employees shall be qualified and entitled to vote at any election held by the commission.
2. Identify the public employer or employers for purposes of collective bargaining with the bargaining agent.
3. Order an election by secret ballot, the cost of said election and any required run-off election to be borne equally by the parties, except as the commission may provide by rule. The commission's order assessing costs of an election may be enforced pursuant to the provisions of this part.
447.307(4) In defining a proposed bargaining unit, the commission shall take into consideration: [H]owever, no unit shall be established or approved for purposes of collective bargaining which includes both professional and non-professional employees unless a majority of each group votes for inclusion in such unit.[1]
This case requires statutory interpretation. As such, we recognize the principle that long-standing statutory interpretations made by officials charged with the administration of statutes should be given great weight by the courts and will not be overturned unless clearly erroneous. State ex rel Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973); Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 184 (Fla. 1978). According to the appellees, PERC has repeatedly conducted simultaneous bargaining unit structure and union representation elections, interpreting the Act to not prohibit this procedure. In response, the Hospital contends that logic requires an employee to know the composition of the bargaining unit before deciding whether to unionize under that unit. It maintains that the statutory prohibition against mixing professionals with non-professionals without the employees' consent reflects this concern.
PERC's habit of holding these simultaneous elections does not alone legitimize the practice. Common sense supports the Hospital's position that an employee's vote on the union representation issue is contingent upon the nature of the bargaining unit of which he is a part. Working from this premise, this court interprets section 447.307 to allow an election on the issue of union representation only after a bargaining unit has been established.
Accordingly, we reverse and remand with directions to PERC to conduct a new election among the now separate bargaining units to ascertain whether these voters desire union representation for those units as so defined.
*1235 REVERSED and REMANDED WITH INSTRUCTIONS.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Under the Act, PERC is responsible for reviewing only the appropriateness of the unit proposed by the employee organization when the employer recognizes the organization and for defining a proposed unit when the employer refuses to recognize the organization. §§ 447.307(1)(a); 447.307(3)(a). However, when a bargaining unit combining professional and non-professional employees is desired, the employees vote on the unit structure. § 447.307(4).