436 So.2d 294 (1983)
NATIONAL UNION OF HOSPITAL and Health Care Employees, Appellant,
v.
SOUTHEAST VOLUSIA HOSPITAL DISTRICT, d/b/a Fish Memorial Hospital, and Public Employees Relations Commission, Appellees.
No. AP-440.
District Court of Appeal of Florida, First District.
August 3, 1983.
*295 Tobe Lev, of Egan, Williams & Lev, Orlando, for appellant.
C. Todd Alley, of Shackleford, Farrior, Stallings, & Evans, P.A., Tampa, for appellee Southeast Volusia Hosp. Dist., d/b/a Fish Memorial Hosp., and H. Lee Cohee, II, Tallahassee, for appellee Public Employees Relations Com'n.
WIGGINTON, Judge.
National Union of Hospital and Health Care Employees (union) has brought this appeal from that portion of the final order of the Public Employees Relations Commission (commission) awarding attorney's fees to Southeast Volusia Hospital District (hospital) based on the holding in Christiansburg Garment Company v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). We affirm.
On May 5, 1982, Nancy Pittman and the union filed an unfair labor practice charge alleging that the hospital had violated Section 447.501(1)(a) and (b), Florida Statutes (1981), by terminating Pittman's employment as an operating room technician because of her protected activities on behalf of the union. An evidentiary hearing was conducted by a commission hearing officer, during which all parties had the opportunity to appear, present evidence, and cross-examine witnesses. The hearing officer issued an order recommending that the commission find the hospital had not violated Section 447.501(1), either subsection (a) or (b), by terminating Pittman's employment. The hearing officer further recommended that the commission order the union to pay to the hospital its costs and reasonable attorney's fees. Regarding the fees, the hearing officer applied the Christiansburg standard and concluded, "that either [Pittman and the union] brought their charge in bad faith in order to harass the hospital, or their belief that Pittman was discriminated against was `unreasonable and groundless' given what they did know before the hearing about the circumstances giving rise to Pittman's termination." The hearing officer continued:
I believe it would not serve the purposes of Chapter 447, Part II, to deny Respondent its reasonable attorney's fees in a situation where discrimination charges are brought against it by the Union without any real basis or foundation, and where the clearly legitimate basis for the discharge was both obvious on its face and manifestly known by the Union prior to the hearing, and where there is virtually no evidence suggesting that it was a pretext. In making this recommendation I have not overlooked the fact that earlier in this discussion I have expressed the conclusion that the Charging Parties, at the end of the presentation of their case in chief, had established a prima facie violation on the basis of reasonable inferences which could be drawn from the evidence presented up to that point. Even though the Charging Parties were able to technically establish a prima facie violation by the end of their case in chief on the basis of reasonable inferences which could be drawn from the evidence up to that point, the Charging Parties never had reason to believe that such an inference was a correct inference, because they knew that the employer could prove that Pittman had an absenteeism problem of long duration. Where a party knows that there is abundant uncontradicted evidence to support one theory of the case and nothing to support the opposite theory but an inference, which inference will only stand in the absence of the full presentation of the evidence, then the party with the burden of proof has no reasonable basis upon which to believe that it would prevail in litigation and, absent such a belief, the party with the burden of proof cannot in good faith commence litigation under such circumstances. This is not a case which turned primarily on credibility and resolutions of *296 diametrically opposed versions of the same story. None of the gut facts in this case were truly disputed and neither of the parties can truly contend that they are surprised by my findings of fact. Such being the case, [Pittman and the union] never had any reason to believe that they would prevail. That they nevertheless ventured forward with their litigation warrants an imposition of an award of attorney's fees against them.
The commission adopted the recommended order of the hearing officer, agreeing that the charging parties' allegations should be dismissed. In regard to attorney's fees, the commission held the award to be appropriate "under the facts and circumstances of this case," stating, "If the Union did not know the charge was frivolous when it was filed, it should have known so by the time the case was heard," citing to Christiansburg.
The union has raised four points on appeal for our consideration, which points can be restated in two issues: (1) whether the commission's conclusion, that the unfair labor practice charge was frivolous, groundless or unreasonable, was based on competent and substantial evidence, particularly where the charging parties made a prima facie case; and (2) whether the commission exercised its discretion consistent with prior agency action, or applied a previously undefined standard so as to deny the union due process.
As to the first issue, we hold that the commission's conclusion to award attorney's fees was based on competent and substantial evidence, despite the preliminary finding that the charging parties had made a prima facie case. Their making of a prima facie case merely established a technical inference of discrimination which was overwhelmingly rebutted by the hospital's demonstrating a legitimate business reason for ending Pittman's employment, that is, for excessive absenteeism. Pittman had received a number of written and oral warnings regarding her absences. She had signed a statement promising to improve her attendance record as a prerequisite to her rehire. Her absences were documented and unrefuted in the record, and she conceded that none of the written or oral warnings, prior to her termination notice, had anything to do with her union activities. Moreover, there was evidence that the hospital had dismissed other employees for excessive absenteeism. These facts, which were accessible to the union through discovery, bear out the commission's conclusion that the union knew or should have known of the dearth of evidence of anti-union animus on the hospital's part, and that the charge was frivolous.
Regarding the second issue, we hold that the commission did not abuse its discretion in awarding attorney's fees. Section 447.503(6)(c), Florida Statutes (1981), provides:
The commission may award to the prevailing party all or part of the costs of litigation, reasonable attorney's fees, and expert witness fees whenever the commission determines that such an award is appropriate.
In order to lend substance to this amorphous statutory grant of discretion, the commission in City of Dunedin v. International Association of Fire Fighters, Local 2327, 4 FPER ¶ 4258 (1978), adopted the standard utilized by the United States Supreme Court regarding prevailing defendants in Title VII civil rights cases. Christiansburg Garment Company v. EEOC. In Christiansburg, the Supreme Court, noting that the basis for awarding attorney's fees to a successful defendant in a civil rights case differs from that for a successful plaintiff, held that a prevailing defendant is entitled to attorney's fees where a court finds that the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S. at 422, 98 S.Ct. at 700-701. [Emphasis added]. The court also recognized that should it be found that the plaintiff brought or continued a claim in bad faith, there would be "an even stronger basis for charging him with attorney's fees incurred by the defense." Id. However, in applying these criteria, the *297 Supreme Court cautioned the courts against engaging in "post hoc reasoning" by concluding that because a claimant did not ultimately prevail, his action must have been unreasonable or without foundation. Id.
Having adopted the Christiansburg standard in 1978, the commission applied no new or undefined standard in the instant case so as to deprive the union of due process. That the commission has been parsimonious in awarding attorney's fees to successful respondents in unfair labor practice cases speaks not to inconsistency of action, but rather to uniformity in exercising its discretion in a conscientious, cautious manner. Finally, although the commission awarded fees despite the union having made a prima facie case, it did not engage in "post hoc reasoning." Rather, as the record demonstrates, the evidence of which the union was or should have been aware, overwhelmingly negated a successful claim; but the union continued to litigate. Under Christiansburg, the union's unreasonable tenacity was grounds for an award of attorney's fees. In exercising its discretion toward that end, the commission did not act arbitrarily or outside of the law.
AFFIRMED.
ERVIN, C.J., and THOMPSON, J., concur.