466 So.2d 1210 (1985)
NORTH BROWARD Hospital District, d/b/a Broward General Medical Center, Appellant,
v.
Brent R. Eldred, a Minor, by and through His Parents and Next Friends, Susan E. Eldred and Richard K. Eldred, Individually, Appellees.
No. 83-1864.
District Court of Appeal of Florida, Fourth District.
April 10, 1985.
Ellen Mills Gibbs of Gibbs & Zei, and William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
Sheldon J. Schlesinger, P.A., Fort Lauderdale, and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellees.
GLICKSTEIN, Judge.
This is an appeal from a judgment against appellant in favor of the minor appellee for $900,000. While we affirm the amount of the judgment, we remand with direction that upon payment by appellant to appellee's parents and next friends of the statutory maximum of $50,000 provided at the time of the 1977 incident by section 768.28(5), Florida Statutes (1975), said parents and next friends shall be required to execute and deliver a satisfaction of judgment to appellant in accordance with City of Lake Worth v. Nicolas, 434 So.2d 315 (Fla. 1983). Upon such satisfaction, appellant may, pursuant to section 768.28(5), report to the Florida Legislature that portion of the judgment which exceeds $50,000. Moreover, we find the answer to the following *1211 question to be "yes," but certify it to the Supreme Court as a question of great public importance:
Is North Broward Hospital District, by its operation of the hospitals within said district, a corporation primarily acting as an instrumentality or agency of the state?
We shall not paraphrase all of the arguments raised by the parties upon this issue as they will be fully presented to this state's highest court. However, we are convinced that if it looks, walks, quacks and swims like a duck, that is what it is. The Supreme Court has not covered all of the descriptive qualities of the species directly; but it surely has alluded to some of them. Most recently, in Michel v. Douglas, 464 So.2d 545 (Fla. 1985), it held that the personnel files of Marion County Hospital District d/b/a Monroe Regional Medical Center were public records; and the opinion, in several places, uses the phrase "public agency" to amplify its holding. Many years ago, it treated the same hospital involved here, Broward General Medical Center, as a public hospital in North Broward Hospital District v. Mizell, 148 So.2d 1 (Fla. 1962).
If the District does not fit within the statutory definition, we really would not know what to call it. It is created by the legislature as a special tax district, authorized by the 1968 Florida Constitution. It levies ad valorem taxes and sets the millage. Its board members are appointed by the Governor. When it has broad legal questions, it seeks answers from the attorney general, who provides them, as he does to all other public agencies.
When Ralph Waldo Emerson wrote, in his essay Self-Reliance, "A foolish consistency is the hobgoblin of little minds ..." he was criticizing not all consistency, but only foolish consistency. What could be a greater source of injustice and uncertainty than to hold that some hospital districts are within the statutory definition, and some without, each being decided ad hoc on a case by case basis? By bringing all such districts under the aegis of the statute, the legislature has eliminated that possibility.
Sovereign immunity is, in a democracy, a decision for the people, speaking through their elected legislative representatives. We conclude that, the people having ordained that corporations primarily acting as instrumentalities or agencies of the state shall be judicially liable for damages up to a statutory maximum unless the peoples' representatives opt to award more legislatively, such social judgment was intended to encompass hospital districts such as appellant.
We find appellant's remaining arguments to be without merit.
DOWNEY and HERSEY, JJ., concur.