498 So.2d 911 (1986)
Brent R. ELDRED, etc., et al., Petitioners,
v.
NORTH BROWARD HOSPITAL DISTRICT, etc., Respondent.
No. 67022.
Supreme Court of Florida.
November 26, 1986.
*912 Sheldon J. Schlesinger, P.A., Ft. Lauderdale, and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for petitioners.
Ellen Mills Gibbs of Gibbs & Zei, Ft. Lauderdale, and William D. Ricker, Jr. of Fleming, O'Bryan & Fleming, Ft. Lauderdale, for respondent.
Rex Conrad and Valerie Shea of Conrad, Scherer & James, Ft. Lauderdale, for amicus curiae, South Broward Hosp. Dist., d/b/a Memorial Hosp.
Steven R. Berger of Steven R. Berger, P.A., Miami, for amicus curiae, Lower Florida Keys Hosp. Dist. and Indian River County Hosp. Dist.
OVERTON, Justice.
This is a petition to review North Broward Hospital District v. Eldred, 466 So.2d 1210 (Fla. 4th DCA 1985), in which the district court held that North Broward Hospital District, as a special taxing district, was within the sovereign immunity provisions of section 768.28, Florida Statutes (1975), and certified the following question:
Is North Broward Hospital District, by its operation of the hospitals within said district, a corporation primarily acting as an instrumentality or agency of the state?
466 So.2d at 1211. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the decision of the district court with the qualification that a special taxing district is an "independent establishment of the state" under the provisions of section 768.28(2).
The relevant facts reflect that the petitioners' minor son received a judgment for damages against North Broward Hospital District in the amount of $900,000. The respondent district moved to limit its liability to $50,000 on the grounds that it was a governmental entity entitled to the benefits of section 768.28, Florida Statutes (1975). The trial court denied the motion, but the district court reversed, concluding that the hospital was a state agency or subdivision within the definition of the phrase as set forth in section 768.28(2).
*913 The issue is whether the provisions of section 768.28 waiving sovereign immunity and limiting liability for governmental entities were intended to apply to special taxing districts. The applicable portion of section 768.28 effectively waives immunity for governmental entities within operational level functions. The statute does place a cap, however, on the amount of governmental liability. The applicable portion of section 768.28(2) reads as follows:
As used in this act, "state agencies or subdivisions" include the executive departments, the legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.
Petitioners argue that the definition excludes special taxing districts for hospitals. According to petitioners, North Broward Hospital District is primarily a private hospital because it is required to charge all patients who are able to pay, and may treat without charge only indigent patients. Correspondingly, petitioners contend that the hospital's public attributes, including the power to levy ad valorem taxes, are incidental and exist only to cancel deficits incurred for indigent care. Petitioners rely on our 1952 decision in Suwannee County Hospital Corp. v. Golden, 56 So.2d 911 (Fla. 1952), which held that a legislatively-created special taxing district for a hospital in Suwannee County was not entitled to sovereign immunity because its established activities "fall more clearly in the category of `proprietary' functions [rather] than `governmental' functions." Id. at 913.
We reject these contentions and find that Golden no longer applies. Since Golden, three significant events occurred. First, Florida adopted a new constitution in 1968 that expressly recognized special taxing districts as separate local governmental entities; second, in 1973 the Florida Legislature enacted section 768.28, effectively waiving sovereign immunity for all governmental entities; and, third, in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), this Court found that the governmental proprietary analysis had no continuing validity after the enactment of section 768.28.
With regard to the first point, the 1968 Constitution identified special taxing districts as one of four local governmental entities, authorizing each to levy ad valorem taxes. Art. VII, § 9, Fla. Const. Special taxing districts are also considered local governmental entities for the transfer of powers and functions with counties or municipalities. Art. VIII, § 4, Fla. Const. Additionally, special taxing districts, along with other local governmental entities, are authorized to issue bonds, article VII, section 12, and to establish civil service systems, article III, section 14. Numerous court decisions of this state recognize the governmental status of special taxing districts. See Michel v. Douglas, 464 So.2d 545 (Fla. 1985) (hospital employee records subject to Florida Public Records Act); North Broward Hospital District v. Mizell, 148 So.2d 1 (Fla. 1962) (conduct of medical staff overseeing public hospital governed by principles applicable to other public officers); National Union v. Southeast Volusia Hospital District, 436 So.2d 294 (Fla. 1st DCA 1983) (hospital district subject to Public Employees Relations Act); Southeast Volusia Hospital District v. National Union, 429 So.2d 1232 (Fla. 5th DCA 1983) (hospital district subject to Public Employees Relations Act), review dismissed, 452 So.2d 568 (Fla. 1984); News-Press Publishing Co. v. Carlson, 410 So.2d 546 (Fla. 2d DCA 1982) (public hospital subject to Government in the Sunshine Law); Jess Parrish Memorial Hospital v. Laborers' International Union, 397 So.2d 989 (Fla. 1st DCA) (public hospital subject to Public Employees Relations Act), review denied, 411 So.2d 383 (Fla. 1981); North Brevard County Hospital District, Inc. v. Florida Public Employees Relations Commission, 392 So.2d 556 (Fla. 1st DCA 1980) (hospital district subject to Public Employees Relations Act); Hitt v. North Broward Hospital District, 387 So.2d 482 (Fla. 4th DCA 1980) (public hospital could *914 not summarily deprive employee of state-created status).
In 1973, the legislature enacted section 768.28 waiving sovereign immunity for all its agencies and subdivisions "to the extent specified in this act." In Cauley v. City of Jacksonville, 403 So.2d 379 (Fla. 1981), this Court found that one of the purposes of section 768.28 was to establish uniform liability for various governmental entities, thereby eliminating the inconsistent application of governmental liability reflected in the case law. If we accept petitioners' argument, however, a county or municipal hospital, supported by ad valorem taxation, would be covered by 768.28, while a special taxing district hospital, also supported by ad valorem taxation, would not. This would result in an inconsistent application of governmental liability which is contrary to the intent of the statute. For the reasons expressed in Commercial Carrier, the theory of our Golden decision, rendered in 1951, is no longer applicable to this type of governmental liability.
In conclusion, we find this special taxing district is a constitutionally established local governmental entity charged with the responsibility to provide for the "public health ... and good" of the citizens within the district. The provisions of the 1968 Constitution leave no doubt that special taxing districts are included as one of four types of local governmental entities, along with counties, school districts, and municipalities. In our view, the legislature clearly intended the provisions of section 768.28(2) to include special taxing districts within the phrase "independent establishments of the state."
Although we hold that section 768.28 applies to special hospital taxing districts, and limits the judgment in this case in accordance with its provisions, we note that the legislature may direct the North Broward Hospital District to pay the balance of this judgment. See Hess v. Metropolitan Dade County, 467 So.2d 297 (Fla. 1985).
For the reasons expressed, we approve the decision of the district court of appeal, as modified.
It is so ordered.
McDONALD, C.J., and BOYD, EHRLICH and BARKETT, JJ., concur.
SHAW, J., concurs specially with an opinion.
ADKINS, J., dissents.
SHAW, Justice, specially concurring.
I concur but note that the courts below and the parties before this Court did not have the benefit of Avallone v. Board of County Commissioners, 493 So.2d 1002 (Fla. 1986), which held that government units are liable to the limits of insurance purchased.