HALL, Judge.
The appellant challenges the trial court’s order which finds chapter 80-510, Laws of Florida, unconstitutional and awards the appellee $2,500,000 in damages.
The appellee, as guardian of the person and property of Irma Jean Payne, brought suit against the Hillsborough County Hospital and Welfare Board, d/b/a Tampa General Hospital. Payne became comatose as a result of anesthesia complications during an operation at Tampa General Hospital. The hospital admitted liability and agreed that Payne incurred damages in the amount of $2,500,000 because of the hospital’s negligence, thereby resolving all factual issues. However, the hospital asserted that its liability was limited to $50,000 pursuant to section 768.28(5), Florida Statutes (1980 Supp.). Section 768.28(5), which partially waives sovereign immunity of governmental agencies, provides:
The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000 or any claim or judgment, or portions thereof, which when totalled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000 or $100,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. The limitations of liability set forth in this subsection shall apply to the state and its agencies and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity prior to July 1, 1974.
The hospital points out that the Florida Supreme Court in Cauley v. City of Jacksonville, 403 So.2d 379 (Fla.1981), upheld the constitutionality of section 768.28(5), and that in Eldred v. North Broward Hospital District, 498 So.2d 911 (Fla.1986), the court held that a hospital district created by special act of the legislature was a *713 governmental entity for purposes of section 768.28. Therefore, the hospital argues that under case law and general statutory law it is a governmental entity entitled to the limitation of liability provisions of section 768.28(5).
In 1980, the legislature abolished the Hillsborough County Hospital and Welfare Board in chapter 80-509 and transferred all of the powers and functions of the Board to the newly created Hillsborough County Hospital Authority by special act, chapter 80-510, Laws of Florida. The appellee challenged the constitutionality of chapter 80-510 because the title to the act failed, to make any reference to the hospital’s sovereign immunity, in violation of article III, section 6 of the Florida Constitution.
Alternatively, the appellee argued that, even if the act was constitutional, the hospital waived sovereign immunity under section 286.28, Florida Statutes (1979),[1] by creating a trust fund in compliance with section 768.54(2)(c), Florida Statutes (1980 Supp.).[2]
In chapter 77-86, Laws of Florida, the legislature authorized the state and its agencies to become self-insured, or to purchase liability insurance, for any claim, judgment, and claims bill they might be liable to pay pursuant to section 768.28. See § 768.28(14), Fla.Stat. (1977). Section 768.54 required all hospitals to contribute to the Florida Patient’s Compensation Fund or to establish an alternative form of self-insurance. Rather than contributing to the fund, the Hillsborough County Hospital and Welfare Board established an escrow account known as the Medical Malpractice Self-Insurance Trust Fund in the total amount of $4,250,000. Tampa General Hospital was allotted $2,500,000 of the trust fund.
The appellee argued that she was entitled to $2,500,000 (the amount of stipulated damages) from the trust fund since the fund was set up to pay malpractice claims such as hers. She argued that the trust fund was actually liability insurance, as described in section 286.28.
The appellee filed a motion for court determination of all legal questions. A hearing on the motion was conducted on June 28,1987. The trial court held that the appellee was entitled to the entire $2,500,-000 from the trust fund since the establishment of the fund constituted a waiver of sovereign immunity. Additionally, the trial court found that chapter 80-510, Laws of Florida, was unconstitutional on the ground that the “primary purpose” of the act was “to limit the Authority’s liability under the doctrine of sovereign immunity” and that the act “failed to make any reference to the foregoing attempt to limit its liability in its title” in violation of article III, section 6 of the Florida Constitution.
In this appeal, Tampa General Hospital argues that the primary purpose of chapter 80-510 was to restructure the hospital and welfare functions in Hillsborough County, not to create sovereign immunity for the Hillsborough County Hospital Authority. It further argues that article X, section 13 of the Florida Constitution prohibits waiver of sovereign immunity except by general law and that 80-510 was a special law without the power to create or waive sovereign immunity. Therefore, it *714 argues, since the act could not create sovereign immunity, such immunity could not be the primary purpose of the act and need not have been mentioned in the title. Further, the hospital argues that it had already acquired sovereign immunity by general act in 1977, under chapter 77-86, Laws of Florida, and thus, the language in chapter 80-510 pertaining to sovereign immunity added nothing to its powers.
We agree with the hospital’s arguments on this point. When the legislature amended section 768.28 by general law in chapter 77-86, the legislature expressly created sovereign immunity for all governmental entities, even if they possessed no immunity prior to July 1, 1974. The hospital was one of those governmental entities that was cloaked with sovereign immunity by chapter 77-86, and thereafter the public was placed on notice as to its sovereign immunity. Since article X, section 13 of the Florida Constitution[3] prohibits waiver of sovereign immunity except by the passage of a general law of the legislature, any waiver of sovereign immunity or attempts to create sovereign immunity by special act would be null and void and any provisions of chapter 80-510 as to sovereign immunity would be surplusage. Therefore, the primary purpose of this act was not to create sovereign immunity, but to restructure the hospital and welfare functions of Hillsborough County. Accordingly, we reverse the trial court’s finding that chapter 80-510, Laws of Florida, is unconstitutional.
We find no merit in the other points raised by the hospital.
We also agree with the trial court’s finding that the Medical Malpractice Self-Insurance Trust Fund created by the hospital is insurance or its equivalent, as is covered by section 286.28, Florida Statutes (1979).
As the supreme court stated in Avallone v. Board of County Commissioners, 493 So.2d 1002, 1004 (Fla.1986): “Political subdivisions are authorized to purchase liability insurance pursuant to the conditions of sections 286.28(1) and 768.28(10)_ When liability insurance is purchased, there will be no assertion of sovereign immunity, up to the coverage limits of the policy, regardless of whether such defense would be otherwise valid. § 286.28(2).”
The trust fund in this case complies with the provision of section 768.54(2)(c), Florida Statutes (1980 Supp.), which allowed for the creation of a fund to cover malpractice claims. The fund is the equivalent of the purchase of insurance. The trial court was correct in finding that the hospital waived its sovereign immunity up to $2,500,000, the-amount allotted to Tampa General Hospital in the trust fund, and in awarding that amount to the appellee.
We, therefore, affirm that part of the judgment awarding the appellee $2,500,000, but amend the trial court’s order to allow execution to issue only against the proceeds of the Hillsborough County Hospital and Welfare Board Medical Malpractice Self-Insurance Trust Fund.
Reversed in part and affirmed in part.
RYDER, A.C.J., concur.
PARKER, J., dissenting with opinion.

. The thrust of section 286.28 is relatively simple. Political subdivisions are authorized to spend public money for the purchase of liability insurance. However, if such insurance is purchased and is within the purview of the statute, the contract shall prohibit the assertion of sovereign immunity to the extent of the coverage, even if it is otherwise a valid defense.
Avallone v. Board of County Commissioners, 493 So.2d 1002, 1004 (Fla.1986).

. Section 768.54(2)(c) provides:
Any hospital that can meet one of the following provisions demonstrating financial responsibility to pay claims and costs ancillary thereto arising out of the rendering of or the failure to render medical care or services and for bodily injury or property damages to the person or property of any patient arising out of the insured’s activities in this state shall not be required to participate in the fund:
[[Image here]]
2. Establish an escrow account in an amount equivalent to $10,000 per claim for each hospital bed in said hospital, not to exceed a $2,500,000 annual aggregate, to the satisfaction of the Department of Health and Rehabilitative Services.

. Article X, section 13 provides: “Suits against the State. Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating.”