SHEVIN, Judge.
Evelio and Maria Cuervo appeal a final summary judgment in favor of defendant Mercy Hospital, Inc. We reverse.
Evelio Cuervo was admitted to Mercy Hospital by Dr. Carlos Iglesias to undergo routine diagnostic cardiac tests and was released three weeks later as a double leg amputee. Dr. Iglesias had surgical privileges at Mercy Hospital and was authorized to perform a cardiac catheterization. However, after performing the catheterization on Mr. Cuervo, Dr. Iglesias decided to perform a PTCA (balloon angioplasty) procedure; Dr. Iglesias was not authorized to perform tMs procedure. Unfortunately, in carrymg out these procedures Dr. Iglesias inserted the catheters into the wrong artery in Mr. Cuervo’s right leg. This compromised the blood flow to the leg causmg loss of pulse and sensation. TMs error was compounded when Mercy Hospital’s nurses on Mr. Cuervo’s floor were unable to reach Dr. Iglesias for six hours and never attempted to reach Dr. Miguel Milian, the backup physician, to alert them of Mr. Cuervo’s deteriorating condition.
The followmg day, Dr. Constantino Pena attempted an arteriogram to treat the right leg. Regrettably, Dr. Pena accessed the wrong artery in the left leg compromising the blood flow to that leg as well. Shortly thereafter, Mr. Cuervo began to lose pulse and sensation in Ms left leg. Mercy Hospital’s nurses never reported tMs condition to the doctors. Sometime later, Dr. Milian performed surgery to attempt to restore circulation to the right leg; the surgery was unsuccessful. Two hours later, surgery was performed on the left leg; the surgery faded to restore circulation to that leg. Thereafter, both legs required amputation.
Mr. Cuervo sued the physicians and Mercy Hospital assertmg that the hospital was negligent based on the nurses’ failure to promptly notify a physician of Mr. Cuervo’s condition, and asserting corporate negligence against the hospital based on the unauthorized procedure. Mr. Cuervo’s experts testified at deposition that but for the nursmg staffs failure to contact a physician when the symptoms were first detected, the amputations would not have been necessary. Relying on the same experts’ testimony, Mercy Hospital filed a motion for summary judgment asserting that any acts or omissions of its nurses were not the proximate cause of Mr. Cuervo’s injuries, and that the allegations m support of the corporate negligence count were also not the legal cause of Mr. Cuervo’s Mjuries. Mercy Hospital’s motion for summary judgment did not raise any issue as to whether the hospital breached its duty to Mr. Cuervo by allowing a medical doctor to perform unauthorized procedures or by failing to provide adequate nursmg care. Mercy Hospital’s motion solely disput *100 ed “causation.” The court granted the motion and entered final summary judgment in the hospital’s favor.
We reverse the summary judgment because genuine issues of material fact remain unresolved regarding causation. See Moore v. Morris, 475 So.2d 666 (Fla.1985). Proximate cause questions must generally be resolved by the trier of fact based on all the facts and the circumstances presented. See Goode v. Walt Disney World Co., 425 So.2d 1151, 1154 (Fla. 5th DCA 1982), review denied, 436 So.2d 101 (Fla.1983). Particularly in a case such as this, where both parties rely on testimony from the same experts to draw diametrically opposed conclusions, the jury should be given the opportunity to weigh the evidence and determine whether Mercy Hospital’s conduct was a proximate cause of Mr. Cuervo’s significant injuries. See Brown v. North Broward Hosp. Dist., 521 So.2d 143 (Fla. 4th DCA 1988).
The summary judgment is therefore reversed and the cause remanded for a jury trial.
Reversed and remanded.