Evelyn F. BROWN and Emily Young, Plaintiffs-Appellees,

v.

EAST CENTRAL HEALTH DISTRICT, Defendant-Appellant.

No. 84–8083.

United States Court of Appeals, Eleventh Circuit.

Feb. 8, 1985.

Gary R. Hurst, Atlanta, Ga., for plaintiff-appellant.

John H. Ruffin, Jr., Sharon E. Dougherty, Augusta, Ga., for defendants-appellees.

Before HENDERSON and HATCHETT, Circuit Judges, and NICHOLS,* Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this employment discrimination case, we review the district court's order holding that the Eleventh Amendment to the United States Constitution does not provide immunity from suit to appellant, East Central Health District, and that the applicable statute of limitations is the two-year statute embodied in Ga.Code Ann. § 9-3-22 (1982). We affirm.

### Facts

In September, 1980, the Medical College of Georgia hired appellee, Evelyn F. Brown, as a nutritionist. East Central Health District (East Central) administered this position. In December, 1980, Brown applied for the position of nutrition consultant, but East Central did not hire her for the position.

Since August, 1978, appellee, Emily Young, has been employed at East Central, and when this suit was filed, served as a senior nurse. Young also applied for a higher position with East Central, but was not promoted.

After exhausting administrative remedies, Brown and Young filed suit against East Central alleging that East Central engaged in racial discriminatory employment practices, in violation of 42 U.S.C.A. §§ 1981 and 1983 (West 1981).

Specifically, Brown and Young allege that East Central denied them equal rights, in violation of 42 U.S.C.A. § 1981, denied them due process of law and equal protection of the law in violation of the Fourteenth Amendment to the Constitution of

---

* Honorable Philip Nichols, Jr., U.S. Circuit Judge for the Federal Circuit, sitting by designation.

the United States, in violation of 42 U.S.C.A. § 1983, and conspired to deny them equal protection of the laws, in violation of 42 U.S.C.A. § 1985 (West 1981).

On June 22, 1983, East Central filed a motion to dismiss the action alleging that Brown and Young's claims, raised under 42 U.S.C.A. §§ 1981 and 1983, were barred by the Eleventh Amendment to the United States Constitution and alleging that the 180-day period of limitations in Ga.Code Ann. § 45–19–36(a) (1984 Supp.) was the applicable statute of limitation; therefore, the statute barred the claims.

After Brown and Young filed a response to East Central's motion to dismiss, East Central requested that its motion to dismiss be treated as a motion for summary judgment. The district court denied East Central's motion for summary judgment. By denying the motion, the court held that the eleventh amendment did not bar suit against East Central, and that the claims under 42 U.S.C.A. §§ 1981 and 1983 were not barred by the statute of limitations in Ga.Code Ann. § 45–19–36(a). The district court, thereafter, certified its order as an interlocutory appeal pursuant to 28 U.S.C.A. § 1292 (West Supp.1984). We review this case to determine whether the district court's eleventh amendment and statute of limitations rulings are correct.

### Eleventh Amendment

■ East Central contends that the district court erred in concluding that the Eleventh Amendment to the United States Constitution did not provide it immunity from suit. It is well settled that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Employees v. Missouri Public Health and Welfare Department,* 411 U.S. 279, 280, 93 S.Ct. 1614, 1615, 36 L.Ed.2d 251 (1973). In the absence of consent, a suit in which the state or one or more of its agencies is named as the defendant is prohibited by the eleventh amendment. *Pennhurst State School and Hospital v. Halderman,* — U.S. —, —, 104 S.Ct. 900, 908, 79 L.Ed.2d 67, 78 (1983) (citing *Flori-*

*da Department of Health v. Florida Nursing Home Association,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (per curiam)); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam). Regardless of the nature of the relief sought, this jurisdictional bar applies. *See Missouri v. Fiske,* 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933).

■ In determining whether an entity is an arm of the state sharing the state's eleventh amendment immunity, we look to the entity's function and characteristics as determined by state law. *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Gay Students Services v. Texas A & M University,* 612 F.2d 160, 164–65 (5th Cir.), *cert. denied,* 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980). We, therefore, must examine East Central's legal posture, based on facts developed in the district court, to determine whether it is an arm of the state or an independent "political subdivision to which the Eleventh Amendment does not extend." *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. at 280, 97 S.Ct. at 572 (1977). Resolution of this issue depends, in part, upon the nature of the entity created by state law. If East Central is an arm of the state such that any recovery of damages would, in effect, come from the state treasury, then the eleventh amendment bars the action. If, however, East Central is an independent political body or has in some manner waived its immunity, monetary recovery would not impinge on the eleventh amendment. *Gay Student Services v. Texas A & M University,* 612 F.2d at 165.

■ Brown and Young contend that the record does not establish an adequate factual basis to determine that East Central is a state sub-agency. We agree. The record before us does not indicate whether East Central functions more like a county than an arm of the state. Moreover, the record is silent as to who pays the salaries of East Central's employees, and it is silent as to what portion of the district's budget is

**618**

county or state funded. Likewise, the record does not reveal whether East Central has power to issue bonds or levy taxes for its own financial benefit. *See Mt. Healthy City Board of Education v. Doyle,* 429 U.S. at 280, 97 S.Ct. at 572. The record does not show that the judgment sought here would expend itself on the state treasury, or restrain the state from acting, or compel it to act. *See Pennhurst State School and Hospital v. Halderman,* —— U.S. at —— n. 11, 104 S.Ct. at 908 n. 11, 79 L.Ed.2d at 79 n. 11. On the record before us, the appellant, East Central Health District, has failed to show that the district court erred in denying the motion for summary judgment.

Furthermore, East Central, in its brief, merely recites Georgia statutory enactments without indicating how the trial court erred in interpretation or application of the statutory provisions. In addition, although the district court incorporated by reference a portion of the transcript into its final order, East Central has failed to bring before this court the transcript containing the district court's reasons for denying the motion for summary judgment. At trial, factual issues regarding the eleventh amendment will be addressed.

### Statute of Limitations

■ East Central also contends that the district court erred in determining that Brown and Young's claims were not barred by the statute of limitations set forth in the Fair Employment Practices Act, Ga.Code Ann. § 45–19–36(a) (1984 Supp.).[1] The district court held:

> (b) that the statute of limitations which applied in this case is a two-year statute which is drawn by analogy to be most applicable to the facts of this case and is embodied in Official Code of Georgia Annotated § 9–3–22, and defendant's motion grounded on a statute of limitations defense, is denied ....

Brown and Young contend that the district court properly concluded that the applicable period of limitations is found in Ga. Code Ann. § 9–3–22.[2] That section provides that actions for the enforcement of rights must be brought within twenty years after the right of action accrues or that actions for the recovery of wages, overtime, or damages must be brought within two years after the right of action has accrued. Appellees' cause of action would not be time barred under this statute of limitations.

In *Solomon v. Hardison,* 746 F.2d 699 (11th Cir.1984), this court squarely decided the issue whether section 45–19–36 of the Georgia Code Annotated is the appropriate statute of limitations in Georgia for an action brought under 42 U.S.C.A. § 1983. In resolving the issue, the court held that the appropriate Georgia state statute of limitations to be "borrowed" in a section 1983 action is section 9–3–22. *Solomon,* 746 F.2d at 703. In accord with the *Solomon* decision, we hold that the district

---

1. Ga.Code Ann. § 45–19–36(a) provides:

(a) An individual claiming to be aggrieved by an unlawful practice or another person on behalf of an individual claiming to be aggrieved by an unlawful practice may file with the administrator a written, sworn complaint stating that an unlawful practice has been committed setting forth the facts upon which the complaint is based and setting forth facts sufficient to enable the administrator to identify the employer, hereinafter called the respondent, charged. The administrator's staff shall promptly investigate the allegations of unlawful practice set forth in the complaint and, within 15 days of filing, shall serve the respondent with a copy of the complaint. The complaint shall be barred unless filed within 180 days after the alleged unlawful practice occurs.

2. Ga.Code Ann. § 9–3–22 provides:

All actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued; provided, however, that all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued. (Ga.L. 1855–56, p. 233, & 12; Code 1863, § 2857; Code 1868, § 2865; Code 1873, § 2916; Code 1882, § 2916; Civil Code 1895, § 3766; Civil Code 1910, § 4360; Code 1933, § 3–704; Ga.L. 1943, p. 333, § 1.)

court correctly concluded that section 9–3–22 is the appropriate statute of limitations in this case. Accordingly, we hold that the district court did not err in denying East Central's motion for summary judgment on a statute of limitations defense.

In conclusion, we hold that the district court did not err in determining, on the record before it when the summary judgment motion was heard, that East Central Health District does not enjoy eleventh amendment immunity. We also hold that the appropriate Georgia statute of limitations to be borrowed in this case is section 9–33–22. Accordingly, the decision of the district court is affirmed.

AFFIRMED.