Michael MAGULA, Plaintiff,

v.

BROWARD GENERAL MEDICAL CENTER, Defendant.

No. 88–6712–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 15, 1990.

Kelley A. Finn, Miami, Fla., for plaintiff.

Victor Lance, Ft. Lauderdale, Fla., for defendant.

## MEMORANDUM ORDER

RYSKAMP, District Judge.

THIS MATTER is before the court on the motion of defendant Broward General Medical Center ["Broward General"] for summary final judgment against the claim of plaintiff Michael Magula ["Magula"]. Magula claims that the medical center abridged his civil rights when they unwillingly restrained him while evaluating his medication for schizophrenia, in violation of 42 U.S.C. § 1983 (1982).[1]

Broward General moves for summary judgment on Magula's claim arguing that the eleventh amendment to the United States Constitution bars this action, because Broward General as a member of the North Broward Hospital District is entitled to immunity as an instrumentality or agency of the state of Florida.[2] The eleventh amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

By implication, the eleventh amendment also applies to suits by a citizen of the defendant state. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Thus, the actions of all private plaintiffs, including Magula, are subject to the eleventh amendment bar. R. Rotunda, J. Nowak & J. Young, *Treatise on Constitu-*

---

1. Section 1983 provides:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

   In addition to his § 1983 claim, Magula also makes a claim for attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

2. Broward General's sole argument for summary judgment is that Magula's action is barred by the eleventh amendment. Defendant's Reply at 2–8. Broward General does not move for judg-

ment on the grounds that the hospital district is not a "person" within the meaning of § 1983 or that Magula cannot hold the hospital liable for its employees' acts under the principle of *respondeat superior. Id.* at 3. The Supreme Court has held that neither states nor state officials acting in their official capacities are persons under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. ——, ——, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 58 (1989). However, local government entities that are not arms of the state for eleventh amendment purposes, such as municipalities, can be persons under § 1983. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018, 2035 n. 54, 56 L.Ed.2d 611, 635 n. 54 (1978); *see also Will,* 491 U.S. at ——, 109 S.Ct. at 2311, 105 L.Ed.2d at 57 (holding in *Will* casts no doubt on *Monell* and applies only to states or local governmental entities considered part of state for eleventh amendment purposes) (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471, 479 (1977)).

*tional Law: Substance and Procedure* § 2.12, at 85 (1986).

To support its eleventh amendment argument, Broward General relies on *Eldred v. N. Broward Hosp. Dist.*, 498 So.2d 911 (Fla.1986), which held that the hospital district as a special taxing district is an independent establishment of the state under subsection 768.28(2) of the Florida Statutes. *Id.* at 912. Section 768.28 provides that "the state, for itself and for its agencies and subdivisions hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act." Fla.Stat. § 768.28(1) (1989). The act further provides that " 'state agencies or subdivisions' include ... the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities...." *Id.* § 768.28(2).

Broward General relies on *Eldred* and the Florida supreme court's characterization of the hospital district as an "independent establishment of the state" to argue that the hospital district is an arm of the state shielded by the eleventh amendment and immune from federal suit under section 1983.

At the outset, the court notes that the limited waiver of Florida's sovereign immunity in section 768.28 applies to traditional torts only and does not waive Florida's eleventh amendment immunity from constitutional torts, such as an action under section 1983 in federal court. Fla.Stat. § 768.28(16); *Gamble v. Florida Dept. of Health & Rehabilitative Services*, 779 F.2d 1509, 1515 n. 8 (11th Cir.1986).[3] This court need not address the question of whether Florida has waived its eleventh amendment immunity outside of section 768.28, unless the hospital district as an entity has eleventh amendment immunity in the first instance. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471, 479 (1977).

■ The immunity guaranteed by the eleventh amendment "extends to state agencies and other arms of the state, but it does not reach lawsuits against municipalities and other political subdivisions that are sufficiently independent from the state." *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir.1990) (state regulatory boards immune from tort action under eleventh amendment) (citing *Mt. Healthy*, 429 U.S. at 280, 97 S.Ct. at 572–73, 50 L.Ed.2d 471; *Brown v. E. Cent. Health Dist.*, 752 F.2d 615, 617 (11th Cir.1985)).

■ The language in *Schopler* regarding a political subdivision's independence from the state echoes that of the 1968 Florida constitution, which recognized special taxing districts as one of four types of local government entities—along with counties, school districts, and municipalities—that are "independent establishments of the state." *Eldred*, 498 So.2d at 914. Although counties, school districts, and municipalities are named as "independent establishments of the state" in both the Florida constitution and subsection 768.28(2) of the state statutes, these entities are subject to section 1983 actions in federal court. *See, e.g., Travelers Indem. Co. v. School Bd. of Dade County*, 666 F.2d 505, 507–08 (11th Cir.1982) (Florida county boards of education not protected per se by eleventh amendment); *see generally Howlett v. Rose*, 496 U.S. ——, ——, 110 S.Ct. 2430, 2437, 110 L.Ed.2d 332, 346 (1990) (reversing

---

**3.** Section 768.28(16) specifically provides that in waiving sovereign immunity in tort actions Florida does not waive any immunity guaranteed by the eleventh amendment:

No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless

such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court. This subsection shall not be construed to mean that the state has at any time previously waived, by implication, its immunity, or that of any of its agencies, from suit in federal court through any statute in existence prior to June 24, 1984.

This subsection became effective June 24, 1984, and thus was inapplicable to the action in *Gamble*.

Florida decision that extended absolute immunity "not only to the State and its arms but also to municipalities, counties, and school districts who might otherwise be subject to suit under § 1983 in federal court"). Indeed, counties and municipalities cannot claim eleventh amendment immunity, although the acts of these entities are considered "state action" for purposes of the fourteenth amendment. *Tuveson v. Florida Governor's Council on Indian Affairs, Inc.*, 734 F.2d 730, 732 (11th Cir. 1984). Thus, while an entity may be a state establishment for purposes of the state constitution and state statutes, it may also exercise sufficient independence so that it cannot claim eleventh amendment immunity as an arm of the state under federal law. Accordingly, the decision in *Eldred* does not foreclose consideration of whether the hospital district can claim eleventh amendment immunity.

■ Under federal law, "[l]ocal governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief...." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611, 635 (1978). However, the rule of *Monell* is "limited to local government units which are not considered part of the state for Eleventh Amendment purposes." *Id.* at 690 n. 54, 98 S.Ct. at 2036 n. 54, 56 L.Ed.2d at 635 n. 54; *see also Will v. Michigan Dept. of State Police*, 491 U.S. ——, ——, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45, 57 (1989) (states or local governmental entities considered part of state for eleventh amendment purposes not "persons" subject to suit under § 1983). Thus, this court must determine whether the hospital district is considered part of the state for eleventh amendment purposes, which is not necessarily coextensive with whether the hospital district is considered an independent establishment of the state for purposes of the Florida statute waiving the state's tort immunity.

■ If the state of Florida is the real party in interest in this case, although Broward General is the named defendant, the eleventh amendment will bar this federal suit. *Schopler*, 903 F.2d at 1378. The determination of whether a state is the real party in interest for purposes of the eleventh amendment is a question of federal law. *Hander v. San Jacinto Junior College*, 519 F.2d 273, 279 (5th Cir.1975). But to evaluate the relationship between the named defendant and the state to determine whether the suit is in reality against the state, a federal court must look to the entity's function and characteristics as determined by state law. *Brown*, 752 F.2d at 617 (citing *Mt. Healthy*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471); *see generally* J. Cook & J. Sobieski, Jr., *Civil Rights Actions* ¶ 2.01[C], at 2–28 (1990). The Eleventh Circuit has identified the relevant aspects of state law as "how state law defines the entity; what degree of control the state maintains over the entity; where funds for the entity are derived; and who is responsible for judgments against the entity." *Tuveson*, 734 F.2d at 732.[4]

■ The Florida supreme court in *Eldred* discussed the characteristics of the North Broward Hospital District as recognized in the Florida constitution. *Eldred*, 498 So.2d at 914–15. These constitutional provisions, various statutory provisions, decisional law and the enabling act that created the district are the only information before the court regarding the status of the district, and the court thus considers them in its eleventh amendment inquiry. J. Cook & J. Sobieski, Jr., *supra*, ¶ 2.01[C], at 2–30 and n. 101 (Supp.1989) (appropriate to consider constitutional provisions, statutes, and decisional law) (citing, *inter alia, Tuveson*, 734 F.2d 730).

4. Apparently, there is some question regarding which factor the Eleventh Circuit considers to be the most crucial in an eleventh amendment inquiry. *Compare Brown*, 752 F.2d at 617–18 (focusing on fiscal considerations such as source of entity's funds and its authority to issue bonds or levy taxes), *with Tuveson*, 734 F.2d at 732 (stating that most important factor is how entity treated by state courts), *discussed in, Thornquest v. King*, 626 F.Supp. 486, 488 (M.D. Fla.1985) (contrasting decisions). Regardless of which factor, if any, is considered paramount, this court determines that the hospital district is not entitled to eleventh amendment immunity.

The enabling act that created the hospital district is instructive as to how Florida law defines the district as an entity and how that entity functions. 1951 Fla.Laws 27438.[5] The enabling act provides that the district's board of commissioners "shall have all the powers of a body corporate, including the power to sue and be sued ..., to contract and be contracted with; ... to acquire, purchase, hold, lease and convey such real and personal property as [the board] may deem proper or expedient to carry out the purposes of this Act; to appoint and employ a superintendent and such other agents and employees as [the board] may deem advisable; to borrow money and to issue the notes, bonds and other evidences of indebtedness...." *Id.* § 4.

Numerous sections of the enabling act involve the board's authority to issue bonds and the manner in which such bonds may be issued and approved by voters in the hospital district. *Id.* §§ 9–24. The enabling act also empowers the board to levy on real and personal property in Broward County "a sufficient tax necessary for the purposes and needs" of the hospital district. *Id.* § 26. The 1968 revision of the Florida constitution expressly recognized that special taxing districts like the hospital district—and other local governmental entities like counties, school districts, and municipalities—have the authority to levy ad *valorem* taxes and issue local bonds. *Eldred,* 498 So.2d at 913 (citing Fla. Const. Art. VII, § 9 (taxes) and § 12 (bonds)). These characteristics have been determined to preclude eleventh amendment immunity, even if an entity also receives allocations from the general state revenues. *Mt. Healthy,* 429 U.S. at 281, 97 S.Ct. at 573, 50 L.Ed.2d at 480. Furthermore, there is no evidence that the hospital district receives funds from the general state revenues. Instead, the plain language of the enabling act indicates that the hospital district receives all of its revenue from district taxes, as authorized by section 26, or from donations. *See also* 1951 Fla.Laws 27438, § 36 (board may build hospitals "by reason of funds on hand, donations or otherwise," without issuing bonds).

Beyond its ability to issue bonds and levy taxes, the hospital district is also authorized to establish its own civil service system. *Eldred,* 498 So.2d at 913 (citing Fla. Const., Art. 3, § 14). Under the enabling act, the district board can "appoint and employ a superintendent and such other agents and employees as [it] may deem advisable...." *Id.* at 399, § 4. These provisions read together indicate that the district pays the salaries of its employees, which makes the hospital district function more like a county than like an arm of the state. *Brown,* 752 F.2d at 617.

Finally, the hospital district apparently is responsible for paying any judgments rendered against it, a feature deemed to be critical in *Brown,* 752 F.2d at 617. *See* 1951 Fla.Laws 27438, § 25 (hospital district funds paid out only on warrant signed by board chairman); *Eldred,* 498 So.2d at 914 (noting that legislature may direct hospital district to pay balance of judgment); *see also* 1951 Fla.Laws 27438, § 28 (district board authorized to pay from district funds expenses incurred in formation of district, including attorneys' fees); Fla.Stat. § 409.2671 (1986) (mandating that local agencies, "mean[ing] a county, city, municipality, or hospital district," participate in pilot program regarding outpatient hospital services to extent of agencies' previous expenditures but allowing agencies at option to participate beyond floor).

Considering the foregoing characteristics of the hospital district as defined by Florida law, the court concludes that the hospital district is more like a municipality than like an arm of the state and thus that Broward General Medical Center is not entitled to eleventh amendment immunity under federal law. Accordingly, it is hereby:

ORDERED and ADJUDGED that Broward General's motion for summary final judgment pursuant to Rule 56(c) is DENIED.

---

5. According to Broward General's administrator, the hospital became part of the North Broward Hospital District in 1951. Affidavit of Wil Trower at 2, para. 4 (Feb. 1, 1990).

ORDERED and ADJUDGED that the case be reset for trial for the two-week period beginning October 1, 1990. The parties shall appear at calendar call on September 26, 1990, at 1:15 P.M. As provided in the original notice of trial, no rule 16 pretrial conference will be scheduled absent a party's motion; however, the pretrial stipulation required by Local Rule 14D must be filed by September 19, 1990. All other pretrial preparations required pursuant to Local Rule 14 must be completed by September 7, 1990.

DONE and ORDERED.