George ROSS; Paula Jean Ross; Cynthia Banta; Jarred Paul Daykota Son of Two Nations, by and through his mother, Cynthia Banta; Gary Lee Banta, Jr.; Jennifer Ross; Selina Ross, by and through her mother, Jennifer Ross; Jessica Ross, by and through her mother Jennifer Ross; James Pyron; Elsie Pyron; Lacy Pyron; Dustie Pyron; Donville Jackson Ross; and Donville Jackson Ross, Jr., Plaintiffs,

v.

STATE OF ALABAMA; Town of Webb, Alabama; Houston County Commission, Department of Human Resources, Houston County, Alabama; Donna Jones, in her official capacity as an employee of the Department of Human Resources and individually; Lucia Parsons, in her official capacity as an employee of the Department of Human Resources and

individually; Lamar Hadden, Sheriff, Houston County, Alabama; Jerry Hunt and Leroy Wood, in their official capacities as employees of the Houston County Sheriff's Department and individually; and Tommy Harper, Defendants.

Civ. A. No. 95–D–622–S.

United States District Court,
M.D. Alabama,
Southern Division.

July 7, 1995.

Kenneth C. Sheets, Jr., Dothan, AL, Kathleen R. Hennessey, New Orleans, LA, for plaintiffs.

Charles D. Decker, Gary C. Sherrer, Dothan, AL, for defendants.

*MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is defendants Houston County Department of Human Resources ("Houston County DHR"), Lucia B. Parsons ("Parsons") and Donna Jones' Motion to Dismiss, for Judgment on the Pleadings or, in the alternative, for Full or Partial Summary Judgment.[1] Said motion was filed on June 13, 1995.

The plaintiffs commenced this action pursuant to 42 U.S.C. §§ 1982 and 1983 and the laws and Constitution of Alabama. In their motion, the defendants raise the following immunity defenses: (1) absolute immunity pursuant to the Eleventh Amendment to the United States Constitution; (2) sovereign immunity under Article I, § 14 of the Alabama Constitution; (3) qualified immunity under 42 U.S.C. § 1983; and (4) substantive immunity as to the supplemental state-law claims. In addition, the defendants move the court pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* to dismiss the § 1983 count for failure to state a claim upon which relief can be granted.

For the reasons asserted herein, the court finds that the defendants' motion to dismiss on the grounds of absolute immunity under the Eleventh Amendment and Article I, § 14 of the Alabama Constitution is due to be granted. The court, however, will reserve ruling on the qualified immunity and substantive immunity defenses until the plaintiffs have responded to the defendants' motion and the issues contained in this memorandum opinion and order. The court further finds that the defendants' 12(b)(6) motion to dismiss the § 1983 claims is due to be granted without prejudice and with leave to file an amended complaint.

## STANDARD OF REVIEW

■ When ruling on a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Fed.R.Civ.P. 12(b)(6). Assuming that the facts are true, a complaint may be dismissed under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).[2]

## FINDINGS OF FACT

Viewing as true the allegations in the complaint, the court finds the following facts relevant and controlling for the purposes of ruling on the motion:

The plaintiffs, who are Native American Indians, commenced this action on May 11, 1995 in the United States District Court for the Middle District of Alabama. The complaint alleges that on or about May 11, 1993, defendant Jerry Hunt ("Hunt"), an officer of the Houston County, Alabama Sheriff's Department, unlawfully entered the plaintiffs' residence without consent, a search warrant or probable cause that an offense had been committed. Pls' Compl. at ¶ 16. The plaintiffs further aver that later the same day Hunt and defendant Leroy Wood ("Wood"), also an officer of the Houston County Sheriff's Department, entered their residence and (1) threatened to remove the children from the parent's custody, (2) touched the children in an offensive manner for intimidation purposes, (3) told the parents to remove the children from the state within two hours and to remove the children from the school they were attending, (4) and violated the plaintiffs' constitutional rights to due process, privacy, property and equal treatment under the law. *Id.* at ¶ 16(b).

---

1. The complaint identifies "Donna Jones" as a defendant. While the defendants in their motion refer to her as "Donna Jones Bowman," they have not moved the court to change the style of the complaint to reflect a different party name. Hence, in this memorandum opinion and order, the court will refer to her as "Jones."

2. The plaintiffs seek dismissal under Rule 12(b)(6) and Rule 12(c). The court applies the same standard when ruling on a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings. *See Sikes v. American Tel. & Tel. Co.,* 841 F.Supp. 1572, 1580 (S.D.Ga.1993).

According to the plaintiffs, Hunt and Wood acted, in part, pursuant to Jones' "instructions" and with "the knowledge and consent" of the Houston County DHR. *Id.* At all material times to this lawsuit, Jones and Parsons were "employees and agents" of the Houston County DHR. *Id.* at ¶ 12. The style of the complaint indicates that Jones and Parsons are sued in their individual and official capacities.

The complaint alleges that the Houston County DHR, Jones and Parsons, among others,[3] deprived the plaintiffs of their constitutional rights as enforced by 42 U.S.C. § 1983. *Id.* at ¶ 4. While the complaint leaves much to be desired from the point of view of precision and clarity (particularly as to the claims asserted against the Houston County DHR, Jones and Parsons), the court finds that the underlying constitutional violations brought under § 1983 are as follows: (1) violation of the First Amendment's right to freedom of association; (2) violation of the Fourth Amendment's prohibition against unreasonable searches and seizures; and (3) deprivation of due process, equal protection and the right to privacy as guaranteed under the Fourteenth Amendment. *Id.* at ¶¶ 4, 16.

The plaintiffs also seek redress for alleged violations of 42 U.S.C. § 1982, which guarantees all citizens equal rights to "inherit, purchase, lease, sell, hold, and convey real and personal property."[4] 42 U.S.C. § 1982. Finally, the plaintiffs assert supplemental state-law claims of assault and intentional infliction of emotional distress (also known as the tort of outrage), as well as violations of the Alabama Constitution. *Id.* at ¶¶ 5, 29, 32. The plaintiffs seek $200,000 compensatory damages, $1,000,000 punitive damages, attorneys fees under 42 U.S.C. § 1988, costs, pre- and post-judgment interest and "such other and further relief as the court may deem just, merited or proper." *Id.* at ¶¶ 24, 32.

## DISCUSSION

### I. Federal Claims: §§ 1982 and 1983

#### A. Eleventh Amendment Immunity

The defendants contend that as to the claims asserted under 42 U.S.C. §§ 1982 and 1983, the Eleventh Amendment to the United States Constitution prohibits the plaintiffs' lawsuit against the Houston County DHR and Jones and Parsons in their official capacities. The court agrees with the defendants that the Eleventh Amendment defines the initial parameters of the court's jurisdiction to entertain the plaintiffs' federal claims.

█ In this action, the plaintiffs seek monetary relief in the form of compensatory and punitive damages. Generally, the Eleventh Amendment prohibits actions seeking a monetary award from a state, state agency or state employee sued in his or her official capacity.[5] *See Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). An individual may, however, bring suit if the state unequivocally has waived its immunity or if congressional legislation under § 5 of the Fourteenth Amendment operates as a waiver of the Eleventh

---

**3.** Also named as defendants in this action are: the State of Alabama; Town of Webb, Alabama, Houston County Commission; Lamar Hadden, as Sheriff of Houston County, Alabama; Jerry Hunt, in his official capacity as an employee of the Houston County Sheriff's Department and individually; Leroy Wood, in his official capacity as an employee of the Houston County Sheriff's Department and individually; and Tommy Harper. The validity of the claims asserted against these defendants is not before the court.

**4.** The complaint contains specific facts concerning defendant Tommy Harper's (the plaintiffs' landlord) purported violations of § 1982 but not as to the remaining defendants. In Count I of the complaint, however, the plaintiffs generically plead that the "defendants" deprived them of

rights secured under § 1982. *See* Pl.s' Compl. at ¶¶ 16(B) and 26. In construing the allegations in the complaint most favorably to the plaintiffs, as the law requires, the court will assume that the § 1982 claim applies to all defendants, which necessarily includes the Houston County DHR, Jones and Parsons. *See Parr v. Woodmen of the World Life Ins. Co.,* 791 F.2d 888, 889 (11th Cir.1986) (stating that allegations in a complaint should be construed favorably to the pleader).

**5.** The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

Amendment's protection.[6] *Kennecott Copper Corp. v. State Tax Com'n,* 327 U.S. 573, 577, 66 S.Ct. 745, 747, 90 L.Ed. 862 (1946); *Hutto v. Finney,* 437 U.S. 678, 693, 98 S.Ct. 2565, 2574–75, 57 L.Ed.2d 522 (1978) (*citing Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)).

### 1. § 1983

■ Because neither the State of Alabama nor Congress has waived Eleventh Amendment immunity under § 1983, the aforementioned exceptions do not apply. *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1525 (11th Cir.1990). Hence, the Eleventh Amendment protects the Houston County DHR from liability, if it is a state agency.

■ To ascertain whether an entity is an arm of the state, the court must examine state law. *Brown v. East Central Health Dist.,* 752 F.2d 615, 617 (11th Cir.1985) (citations omitted). By statute, the Houston County DHR is a division of the State Department of Human Resources and operates under its direction. Ala.Code § 38–2–8 (1992); *see also Mitchell v. Davis,* 598 So.2d 801, 806 (Ala.1992). Thus, the court concludes that the Houston County DHR is a state agency for purposes of the Eleventh Amendment. Indeed, the plaintiffs do not dispute the latter and assert in the complaint that the "[d]efendant, Department of Human Resources, Houston County, is a duly authorized agency of the State of Alabama." Pls' Compl. at ¶ 11. Accordingly, the court finds that under § 1983, the Eleventh Amendment bars a suit for monetary damages against the Houston County DHR.

■ Likewise, the court finds that the plaintiffs may not seek monetary relief from Jones and Parsons in their official capacities.[7] In *Carr,* the Court of Appeals for the Eleventh Circuit held that "[l]awsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.' " 916 F.2d at 1524 (*quoting Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984)). When a plaintiff seeks monetary relief from a state employee in his or her official capacity, as here, "the state is considered the real party in interest because an award of damages would be paid by the state." *Id.* (citation omitted). Based on the foregoing authority, the court finds that the § 1983 claims asserted against the Houston County DHR and Jones and Parsons in their official capacities are due to be dismissed.[8]

### 2. § 1982

■ The Houston County DHR, Jones and Parsons also contend that they are entitled to Eleventh Amendment immunity under § 1982. Unlike § 1983, § 1982 has not been the subject of extensive litigation, and the court's independent research has not revealed any law discussing the Eleventh Amendment's application to § 1982 state liability. Nonetheless, the court finds that under § 1982, the Eleventh Amendment is in full force and effect.

Both § 1982 and § 1983 originated from § 1 of the Civil Rights Act of 1866 and are two of several statutory provisions enacted by Congress to eradicate various forms of racial discrimination. The other provisions

---

6. The Eleventh Amendment also does not preclude damage awards against state officials sued in their individual capacities, discussed *infra. Scheuer v. Rhodes,* 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974).

7. It is worth mentioning that in interpreting the Eleventh Amendment, courts distinguish between suits against a state or state agency and those against state employees. When federal rights are asserted against government employees sued in their official capacities, the law prohibits claims for retrospective monetary relief paid from the state treasury but not prospective equitable relief. *See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (holding that a plaintiff

seeking prospective relief from the state must name as a defendant a state official rather than the state or a state agency directly even though in reality the suit is against the state).

8. While not raised by the defendants, another reason exists for finding that a suit for monetary damages is inappropriate: In *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court determined that states, state agencies and state employees sued for money damages in their official capacities are not "persons" subject to liability under § 1983.

currently are codified as 42 U.S.C. §§ 1981, 1985 and 1986.

When the issue of Eleventh Amendment immunity has surfaced in civil rights litigation, the courts consistently have held that Congress has not effectuated a waiver of the states' Eleventh Amendment protections. *See Fincher v. Florida Dep't of Labor & Employment Sec. Unemployment Appeals Comm'n,* 798 F.2d 1371, 1372 (11th Cir.1986), *cert. denied,* 479 U.S. 1072, 107 S.Ct. 1262, 94 L.Ed.2d 124 (1987). ("We find no express congressional abrogation of the state's Eleventh Amendment immunity with respect to 42 U.S.C. § 1985 actions."); *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir. 1981) (holding that the Eleventh Amendment applies in § 1981 litigation). Likewise, the court finds that under § 1982, Congress has not waived Eleventh Amendment immunity, because it did not " 'mak[e] its intention unmistakenly clear in the language of the statute.' " *Dellmuth v. Muth,* 491 U.S. 223, 228, 109 S.Ct. 2397, 2400, 105 L.Ed.2d 181 (1989) (*quoting Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985)).

Moreover, there is no law revealing that the State of Alabama has dropped its shield of immunity provided by the Eleventh Amendment. *See Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909) (stating that a state's voluntary waiver of Eleventh Amendment immunity will exist only when stated "by the most express language, or by such overwhelming implication from the text as would leave no room for any other reasonable construction").

Considering the common origin of the civil rights statutes, their collective purposes and the absence of an unequivocal waiver, the court finds that the State of Alabama may invoke the Eleventh Amendment's security in § 1982 actions. As already discussed *supra* at 1550, absolute immunity under the Eleventh Amendment also bars claims for monetary relief against the Houston County DHR (a state agency) and Jones and Parsons in their official capacities. Accordingly, the court finds that the § 1982 claims for monetary relief asserted against the Houston County DHR and Jones and Parsons in their official capacities are due to be dismissed.

## B. Rule 12(b)(6) and Qualified Immunity

■ The defendants contend that § 1983 claims require heightened pleading and that the plaintiffs have failed to so plead. Hence, the defendants move the court pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* to dismiss the § 1983 claims. In the alternative, the defendants assert that Jones and Parsons are entitled to qualified immunity for personal liability. At this stage of the litigation, the court's analysis of the defendants' Rule 12(b)(6) motion and qualified immunity defense become so entwined that the Court of Appeals for the Eleventh Circuit has not explicitly held which one courts should address first.[9] *See Wooten v. Campbell,* 49 F.3d 696, 699 n. 3 (11th Cir. 1995). The court in *Wooten* did suggest, however, that the threshold issue for the court is whether under Rule 12(b)(6), "a plaintiff establishes the violation of a constitutional right." *Id.*

### 1. Rule 12(b)(6) and Pleading a § 1983 Claim

■ Generally, to state a claim for relief, the *Federal Rules of Civil Procedure* impose minimal pleading standards and require

---

9. In *Wooten,* the Eleventh Circuit stated as follows:

Under Rule 12(b)(6), the defendants can defeat [the plaintiff's] cause of action if her complaint fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the qualified immunity defense, the defendants are immune from liability if [the plaintiff's] complaint fails to state a violation of a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." *See Harlow v. Fitzgerald,* 457 U.S.

800, 818 [102 S.Ct. 2727, 2738, 73 L.Ed.2d 396] ... (1982). As the Supreme Court states, "[a] necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert v. Gilley,* 500 U.S. 226, 232 [111 S.Ct. 1789, 1793, 114 L.Ed.2d 277] ... (1991).

*Id.* at 699 (ellipses supplied).

only "a short and plain statement showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). The purpose of Rule 8 "notice pleading" is to provide a "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

■ In support of their argument that a more stringent pleading standard is required to state a claim under § 1983, the defendants cite *Fullman v. Graddick,* 739 F.2d 553 (11th Cir.1984). In *Fullman,* the Court of Appeals for the Eleventh Circuit stated that in civil rights actions, courts have dismissed a complaint "as insufficient where the allegations it contains are vague and conclusory." *Id.* at 556–57 (citations omitted).

In a subsequent decision, the Eleventh Circuit expressly held that in all complaints where liability is predicated upon § 1983, "some factual detail is necessary" and that this "heightened Rule 8 requirement—as the law of the circuit—must be applied by the district courts." *Oladeinde v. City of Birmingham, Ala.,* 963 F.2d 1481, 1485 (11th Cir.1992), *cert. denied, sub nom. Deutcsh v. Oladeinde,* —— U.S. ——, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993). The Eleventh Circuit explained that " 'in an effort to eliminate nonmeritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims, we, and other courts, have tightened the application of Rule 8 to § 1983 claims.' " *Id. (quoting Arnold v. Board of Educ. of Escambia County,* 880 F.2d 305, 309 (11th Cir.1989)).

Pleading with specificity is particularly important where, as here, a defendant asserts the defense of qualified immunity, and the court must decide whether the conduct com-

plained of violates a "clearly established" constitutional or federal statutory right.[10] *Id.; see also Wicks v. Mississippi State Employment Serv.,* 41 F.3d 991, 995 (5th Cir. 1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 2555, 132 L.Ed.2d 809 (1995). Less than a year after *Oladeinde* was decided, however, the Supreme Court of the United States held that in a § 1983 lawsuit alleging municipal liability, the Court of Appeals for the Fifth Circuit erred in requiring the plaintiff to plead specific factual allegations demonstrating a deprivation of federal rights:

> We think that it is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this case with the liberal system of 'notice pleading' set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993).

Nonetheless, the holding in *Leatherman* is not controlling in this case nor does it offer much guidance, since the Supreme Court expressly refrained from deciding whether "qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials." —— U.S. at ——, 113 S.Ct. at 1162; *see also Malone v. Chambers County Bd. of Comm'rs.,* 875 F.Supp. 773, 790 (M.D.Ala. 1994) (Albritton, J.) (finding that the holding in *Leatherman* did not repeal the heightened pleading standard in § 1983 actions where a defendant official is entitled to assert the defense of qualified immunity). The Supreme Court reasoned that "unlike various

10. A § 1983 litigant must overcome an onerous burden to defeat the defense of qualified immunity and recover monetary damages from the pocket of a government official. The purpose of qualified immunity is to shield government officials performing discretionary functions from civil trials and liability if their conduct does not violate " 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Lassiter v. Alabama A & M Univ.,* 28 F.3d 1146, 1149 (11th Cir.1994) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).

At the same time, qualified immunity also protects defendant officials from other burdens associated with litigation, such as discovery. *Lassiter,* 28 F.3d at 1149. *See Marx v. Gumbinner,* 855 F.2d 783, 787 (11th Cir.1988); *see also Elliott v. Perez,* 751 F.2d 1472, 1478 (5th Cir.1985) ("subjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford").

government officials, municipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983." *Leatherman,* — U.S. at ——, 113 S.Ct. at 1162.

In the absence of Supreme Court precedent, as here, trial courts are bound by the holdings of the circuit court of appeals in which they sit. Hence, the court agrees with the reasoning in *Malone:* Undoubtedly, "*Leatherman* calls into question the validity of imposing a heightened pleading standard in any § 1983 case. However, absent further direction from the Supreme Court or the Eleventh Circuit, the court will apply the heightened standard where appropriate under current Eleventh Circuit law." [11] 875 F.Supp. at 790. Accordingly, the court finds that as to the § 1983 claims asserted against Jones and Parsons in their individual capacities, the plaintiffs are subject to a heightened pleading standard.

### 2. Analysis

■ To state a claim for relief, § 1983 litigants have the burden of alleging two elements with some factual detail: "(1) that they suffered a deprivation of 'rights, privileges or immunities secured by the Constitution and laws' of the United States," and (2) that a person "acting under color of law" caused the deprivation, either by an act or omission. *Wideman v. Shallowford Community Hosp., Inc.,* 826 F.2d 1030, 1032 (11th Cir.1987) (citation omitted).

■ The court does not hesitate in finding that the plaintiffs satisfactorily have pleaded that Jones and Parsons acted under color of state law. The plaintiffs specifically have alleged that "[a]t all times mentioned herein the Defendants and/or their agents/employees were acting under color of law, to-wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Alabama and/or Houston County, and/or the Town of Webb, Alabama." Pl.s' Compl. at ¶ 15.

Moreover, the plaintiffs allege that the unlawful conduct occurred while Jones and Parsons were acting as "employees and agents" of the Houston County DHR. *Id.* at ¶ 12; *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 157 n. 5, 98 S.Ct. 1729, 1734 n. 5, 56 L.Ed.2d 185 (1978) (pronouncing that a state employee acts under color of law when he or she exercises his employment responsibilities, regardless of whether "the actions ... were officially authorized, or lawful"); *see also Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961) (declaring that a government employee's "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law").

The court, however, cannot find that the plaintiffs have fulfilled the heightened pleading requirement in alleging deprivations of underlying constitutional rights. Here, the plaintiffs seek to hold Jones and Parsons individually liable for Hunt and Wood's alleged unlawful conduct upon entering the plaintiffs' residence on or about May 11, 1993. After several readings of the twelve-page complaint, the court was unsure of how Jones and Parsons fit into the scheme of alleged liability under § 1983, as the sole allegation asserted in the complaint is that Hunt and Wood acted, in part, pursuant to Jones' instruction. Pl.s' Compl. at ¶ 16(b). The defendants' brief, however, confirmed the court's speculation that the Houston County DHR was involved in an investigation of some of the plaintiffs concerning reports of child neglect.

#### (a) Jones

■ As to Jones, it appears to the court that the plaintiffs are alleging that after investigating reports of child neglect, Jones specifically instructed Hunt and Wood to forcibly enter the plaintiffs' residence, threaten the parent-plaintiffs and touch the children-plaintiffs in an offensive and unlawful man-

---

11. In light of the foregoing, the court has altered its previous sentiments concerning heightened pleading and finds that it incorrectly stated the law in *Douglas v. Evans,* 888 F.Supp. 1536 (M.D.Ala.1995) (DeMent, J.) (finding that heightened pleading is not required in any § 1983 litigation). In reversing itself, the court stresses that the ruling in *Douglas* is not affected, since the court finds that the plaintiff there stated a claim under either notice pleading or the heightened pleading standard. Hence, any error that may have been committed is harmless at most.

ner. *Id.* Hence, the basis of the plaintiffs' allegations is that Jones' instructions resulted in an unlawful entry into the plaintiffs' residence and caused an improper intrusion into the parent-child relationship in violation of the First, Fourth and Fourteenth amendments.

■ While obviously a state employee cannot direct another individual to commit violations of the Constitution and escape liability, the court finds that pleading in such generalities is insufficient to adequately state a claim under the heightened pleading standard. The facts also are not specific enough to allow the court to determine the validity (or not) of a qualified immunity defense. The court finds, however, that the just remedy in these circumstances is to grant leave to amend rather than to dismiss the § 1983 claims.

Specifically, the court directs the plaintiffs to allege with specificity all the material facts on which they base their claim that Jones *"instructed"* Hunt and Wood to commit the alleged unlawful acts, as the latter allegation is conclusory. In addition to pointing to each amendment allegedly violated, the plaintiffs should state the specific provision thereunder and how Jones acted in violation of said provision.[12] For example, the plaintiffs must do more than allege a violation of the Due Process Clause of the Fourteenth Amendment; the plaintiffs also must identify and describe with some detail the protected life, liberty and or property interest allegedly infringed upon. *See Faucher v. Rodziewicz,* 891 F.2d 864, 869 (11th Cir.1990). The plaintiffs also should allege detailed facts as to why the defense of qualified immunity cannot be sustained in this action. *See Elliott v. Perez,* 751 F.2d 1472, 1482 (5th Cir.1985); *see also Wicks,* 41 F.3d at 995 (requiring a § 1983 litigant "to allege the particular facts forming the basis of his claim, including those preventing [the plaintiff] from successfully maintaining a qualified immunity defense").

Finally, the plaintiffs are directed to allege facts stating Jones' role in this lawsuit. For example, the complaint never states that Jones, as an employee of the Houston County DHR, was involved in investigating reports of child abuse, nor does the complaint state Jones' specific role in the investigation.

### (b) Parsons

■ The court further finds that the allegations against Parsons are vague and conclusory and cannot withstand a motion to dismiss under heightened pleading. In fact, the court notes that the allegations against Parsons are so obscure and incomplete as to fail even under notice pleading. Here, the plaintiffs generically lump Parsons together with all other parties as "defendants." The plaintiffs fail to aver even one act of Parsons that allegedly deprived them of their constitutional rights. In fact, from reading the complaint, the court has no idea what the basis of liability is as to Parsons.

■ In reading between the lines, however, it appears that the plaintiffs may be attempting to hold Parsons directly liable for the alleged acts of Jones, who according to the defendants is under Parsons' supervision. Under § 1983, however, a supervisor may not be held liable for a constitutional violation on the basis of respondeat superior, but only by reason of his or her wrong behavior. *Fundiller v. City of Cooper City,* 777 F.2d 1436, 1443 (11th Cir.1985).

Hence, it appears that under no set of facts may Parsons be held directly liable for the acts of another. The court will, however, allow the plaintiffs to amend the complaint (rather than dismiss) to reflect *with specificity* a valid cause of action against Parsons. The plaintiffs are forewarned that if only conclusory allegations are provided, the court will grant the defendants' 12(b)(6) motion to dismiss for failure to state a claim.

### II. Supplemental State Claims

The defendants likewise contend that the Houston County DHR and Jones and Par-

---

**12.** For example, while the complaint states that the defendants violated the "First Amendment," the plaintiffs do not specify which provision of the First Amendment has been abridged. In construing the allegations of the complaint most favorably to the plaintiffs, the court speculates that they are referring to the freedom-of-association protections.

sons in their official capacities are absolutely immune from suit under Article I, § 14 of the Alabama Constitution for alleged violations of state tort and constitutional law. The doctrine of sovereign immunity provides that "[t]he state of Alabama shall never be made a defendant in any court of law or equity." Ala. Const., Art. I, § 14. Pursuant to this section, the state, state agencies and government employees in their official capacities may not be sued for money damages. *Phillips v. Thomas,* 555 So.2d 81, 83 (Ala.1989).

The Supreme Court of Alabama has recognized several types of relief that do not violate the constitutional prohibition against suing the state. These exceptions, which follow, apply only when the litigant names a state employee in his or her official capacity and seeks relief other than money: "(1) actions brought to compel state officials to perform their legal duties; (2) actions brought to enjoin state officials from enforcing an unconstitutional law; (3) actions to compel state officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgment Act." *State Dep't of Human Resources v. Kelly,* 623 So.2d 738, 740 (Ala.1993) (citation omitted).

As already stated, the only relief sought here is monetary. The plaintiffs do not seek injunctive or declaratory relief, nor are they asking the court to compel the defendants to perform a legal duty or ministerial act. Accordingly, the court finds that pursuant to the Article I, § 14 of the Alabama Constitution, the Houston County DHR and Jones and Parsons in their official capacities are absolutely immune from suit for all violations of state tort and constitutional law lodged against them.

## A. Substantive Immunity

### 1. Intentional Torts

Jones and Parsons in their individual capacities are not entitled to absolute immunity as to the intentional torts of assault and the tort of outrage. As stated in *Phillips:*

> This Court has recognized that a state officer or employee may not escape individual tort liability by "'arguing that his mere status as a state official cloaks him

with the state's constitutional immunity.'" *Barnes v. Dale,* 530 So.2d 770, 781 (Ala. 1988). (*quoting Tort Liability of State Officials in Alabama,* 35 Ala.L.Rev. 153 (1984).) Clearly, a state officer or employee is not protected by § 14 when he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law.

555 So.2d at 83 (citations omitted).

Jones and Parsons, however, have raised the affirmative defense of substantive immunity. *See generally Bell v. Chisom,* 421 So.2d 1239 (Ala.1982). A state employee is entitled to substantive immunity from intentional torts if his or her action falls within the exercise of a discretionary function. *Parker v. Downing,* 547 So.2d 1180, 1184 (Ala.1988) (extending substantive immunity to intentional torts). Before ruling on the substantive immunity defense, the court will allow the plaintiffs to show cause why Jones and Parsons in their individual capacities are not entitled to such immunity.

### 2. Constitutional Violations

The court has concerns as to whether a plaintiff may bring an action against a state employee in his or her individual capacity and seek monetary relief for violations of state *constitutional* law. In essence, the plaintiffs are alleging constitutional violations by private individuals and, thus, do not implicate state action. The court has been unable to find an enabling statute equivalent to 42 U.S.C. § 1983 or any case law providing that such a cause of action exists. Therefore, the court directs the plaintiffs to inform the court of any such authority.

The court also directs the plaintiffs to identify the specific sections and subsections of the Alabama Constitution that form the basis of the plaintiffs' state constitutional claims, which are as follows: "(1) Freedom from harassment; (2) Freedom from deprivation of right to property; (3) Freedom from the deprivation of liberty without due process of law; and (4) Freedom from summary punishment." Pls' Compl. at ¶ 32. The court further directs the plaintiffs to attach a high-

lighted copy of the relevant portions of the Alabama Constitution.

## CONCLUSION

For the foregoing reasons, it is CONSIDERED and ORDERED:

(1) that the defendants' motion asserting that as to the federal claims, the Eleventh Amendment prohibits the plaintiffs from recovering money damages against the Houston County Department of Human Resources and Donna Jones and Lucia Parsons in their official capacities be and the same is hereby GRANTED;

(2) that the defendants' motion claiming that as to the supplemental state law and constitutional claims, Article I, § 14 of the Alabama Constitution prohibits the recovery of monetary damages from the Houston County Department of Human Resources and Donna Jones and Lucia Parsons in their official capacities be and the same is hereby GRANTED;

(3) that there being no remaining triable issues on which recovery can be had against the Houston County Department of Human Resources, the Houston County Department of Human Resources be and the same is hereby DISMISSED with PREJUDICE as a party-defendant in the above-styled case;

(4) that the defendants' motion to dismiss for failure to state a claim for relief under § 1983 be and the same is hereby GRANTED without prejudice and with leave to the plaintiffs to file on before July 24, 1995 an amended complaint in conformity with this memorandum opinion and order;

(5) that the court will reserve ruling on the qualified immunity and substantive immunity defenses until the plaintiffs have had an opportunity to respond to the defendants' motion and the issues contained herein;

(6) that the plaintiffs show cause on or before July 24, 1995 why Donna Jones and Lucia Parsons in their individual capacities are not entitled to qualified immunity and substantive immunity as to the § 1983 and state claims;

(7) that the entry of a Rule 16 scheduling order will be deferred until after a determination of the issue of qualified immunity;

(8) that the plaintiffs provide the court with authority on or before July 24, 1995 that would allow the court to hear a claim for constitutional violations asserted against Donna Jones and Lucia Parsons in their individual capacities and that the plaintiffs identify the specific sections and subsections of the Alabama Constitution (and attach a highlighted copy of the relevant portions thereof) that form the basis of the plaintiffs' state constitutional claims alleged in the complaint.