Michael **HARRIS** and Charles Pottinger, Plaintiffs,

v.

The **DISTRICT BOARD OF TRUSTEES OF POLK COMMUNITY COLLEGE,** David Buckley and Don Shattler, Defendants.

No. 96–2008–CIV–T–17–A.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 13, 1997.

Mark Frederick Kelly, Kelly, McKee, Herdman & Ramus, Tampa, FL, for Plaintiffs.

Mark E. Levitt, Allen, Norton & Blue, P.A., Tampa, FL, for Defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt.7), Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt.8), and Plaintiffs' Memorandum in Opposition to Motion to Dismiss First Amended Complaint (Dkt.10).

### POSTURE OF THE CASE

The Amended Complaint in this action was filed on March 10, 1997. The relevant facts, as pled and accepted as true for the purposes of this motion only, are summarized as follows:

Defendant, the District Board of Trustees of Polk Community College ("College") employed Plaintiffs, Michael Harris ("Harris") and Charles Pottinger ("Pottinger") as coordinators in the Criminal Justice Program. In March of 1995, Plaintiffs presented a memorandum to Defendant David Shattler ("Shattler") reporting alleged violations of Florida statutes and regulations in the conduct of the Criminal Justice Program. At

the time, Shattler was the College's Criminal Justice Manager and David Buckley ("Buckley") the College's Director of the Division of Career and Special Programs.

Plaintiffs further allege that when Shattler took no action to correct violations of the Florida statutes they reported the violations to the Florida Department of Law Enforcement ("FDLE"). After the complaints were lodged with the FDLE, the College advised Harris that his position was being eliminated due to budget cuts. Plaintiffs allege that the true reason for Harris' discharge was retaliation for filing the complaint with the FDLE. Further, Plaintiffs allege that Pottinger was subjected to a series of retaliatory acts such as unjustified adverse evaluations and a retaliatory termination. Finally, Plaintiffs allege that in June of 1996, the College published false and defamatory statements implying that Harris and Pottinger had been responsible for the rule violations reported to the FDLE and that they had been terminated as a result of these violations.

### STANDARD OF REVIEW

Under *Conley v. Gibson,* a district court should not dismiss a complaint for "failure to state a claim unless it appears beyond a doubt the Plaintiff can prove no set of facts" that would entitle the Plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a Plaintiff may not merely "label" his or her claims. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum the Federal Rules of Civil Procedure require a "short plain statement of the claim" that will "give the Defendant fair notice of what the Plaintiffs claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can examine only the four (4) corners of the complaint. *See Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health*

*Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Also, a court must accept a Plaintiff's well pled facts as true and construe the complaint in the light most favorable to the Plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *See Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991); *see also Powell v. United States,* 945 F.2d 374 (11th Cir.1991).

## DISCUSSION

The First Amended Complaint contains the following causes of action against the College, Shattler and Buckley: Count I—Civil Rights Action violating 42 U.S.C. § 1983; Count II-alleges a violations of Florida Statutes §§ 112.3187(4)(a) and (b) (1995); Count III—Invasion of Privacy Article I, § 23 of the Florida Constitution; and Count IV—Defamation.

### Count I. Section 1983

#### A. Qualified Immunity

Defendants Shattler and Buckley move for dismissal on the basis of qualified immunity. Initially, it should be noted that the Plaintiffs fail to make clear from the face of their complaint whether they are suing Defendants Shattler and Buckley in their official capacities or individually. The Supreme Court has held that where the complaint is not clear on this matter, the "course of proceedings" generally will indicate the type of liability sought to be imposed. *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985) (quoting *Brandon v. Holt,* 469 U.S. 464, 469, 105 S.Ct. 873, 876, 83 L.Ed.2d 878 (1985)). Courts considering the "course of proceedings," however, generally refer to arguments and defenses presented at trial as well as jury instructions. *See Fitzgerald v. McDaniel,* 833 F.2d 1516 (11th Cir.1987) (raising and arguing defense of qualified immunity is sufficient to create a presumption that the suit was filed against the defendants in their individual capacities).

In the instant case, Plaintiffs merely allege that "Defendant Buckley is and was at all times material, the College's Director of the Division of Career and Special Programs." (Comp.¶ 4.) Further, the Complaint alleges that "Defendant Shattler was, until his retirement on December 31, 1995 the College's Criminal Justice Manager." (Comp.¶ 4). The Complaint does not again specifically refer to either Defendant or what actions were taken by them in their official capacities. Moreover, the defendants' motion to dismiss focuses on the qualified immunity defense as to Defendants Shattler and Buckley. Taken as a whole, this prompts the common sense conclusion that the suit is against the Defendants in their individual capacities. Thus, based on an overall reading of the Complaint, and the lack of evidence that Plaintiffs intended to sue Defendants Shattler and Buckley in their official capacity, this complaint will be considered as being against the Defendants in their individual capacities.

The first issue raised by the Defendants is whether there is a heightened pleading requirement for Section 1983 claims against state actors in their individual capacities. The Plaintiffs correctly point out that there is no heightened pleading requirement for section 1983 claims involving municipal entities. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). However, in *Leatherman,* the Court specifically stated that it had "no occasion to consider whether . . . qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials," *id.* at 165–67, 113 S.Ct. at 1162, 507 U.S. at 166–67, 113 S.Ct. at 1162, this Court concludes that *Leatherman* does not apply to the instant case.

This Court is persuaded by its decision earlier this year in *Andre v. Castor,* 963 F.Supp. 1158 (M.D.Fla.1997). In *Andre* this court found that section 1983 claims involving government officials in their individual capacities must meet a heightened pleading standard *Id.* at 1163–64 (citing *Denno v. School Board of Volusia County,* 959 F.Supp. 1481, 1485 (M.D.Fla.1997) (Conway, J.)). The

court in *Andre* found that the "allegations must be factually specific rather than conclusory." *Id.* (citing *Ross v. Alabama,* 893 F.Supp. 1545, 1554 (M.D.Ala.1995)). Further, this court found that a plaintiff is required to "allege detailed facts as to why the defense of qualified immunity [could not] be sustained." *Id.* (citing *Ross,* 893 F.Supp. at 1554).

With regard to Count I, Plaintiffs' Section 1983 claims, this Court will analyze the sufficiency of Plaintiffs' allegations in light of these standards.

There are two (2) essential elements to a section 1983 action: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981), overruled on other grounds, *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The Plaintiffs allege that the acts of all Defendants were taken under color of state law. However, as the Defendants correctly point out, the Plaintiffs in this action do not specifically allege what conduct either Shattler or Buckley participated in that violated Plaintiffs' First Amendment or Fourteenth Amendment rights. Further, Defendants also note that Plaintiffs fail to articulate the basis for the existence of a liberty interest under the Fourteenth Amendment. Plaintiffs merely state that they presented a memorandum to Shattler and that they were subsequently terminated. Additionally, Plaintiffs allege that their terminations were retaliatory. Yet Plaintiffs fail to allege that either Shattler or Buckley were responsible for their terminations. As stated above, Defendants Shattler and Buckley's positions are merely stated in the face of the complaint.

Further, it is not clear what actions were taken by the Plaintiffs that subjected them to the alleged retaliatory terminations. The Court may assume that Plaintiffs Harris and Pottinger are alleging that their terminations were in retaliation for filing the complaint with the FDLE. However, under the heightened pleading standard set out in *An-*dre the Court is not required to make this assumption. *Andre,* 963 F.Supp. at 1160. In sum, Plaintiffs do not identify the specific actions taken by specific individuals. These facts are vital to Plaintiffs' claims and must be specifically alleged in a nonconclusory fashion. Based on the face of the Complaint, this Court finds that the allegations against Defendants Shattler and Buckley are not sufficiently specific to meet the heightened pleading standard set by *Andre v. Castor,* 963 F.Supp. 1158 (M.D.Fla.1997). Since the heightened pleading standard is not met, the Defendants' Motion to Dismiss is granted as to the section 1983 claims against Defendants Shattler and Buckley.

### Eleventh Amendment Immunity

Defendants rely on *Thornquest v. King,* 626 F.Supp. 486 (M.D.Fla.1985) and assert that the College enjoys Eleventh Amendment immunity provided to state actors. In *Thornquest,* this Court concluded that Community Colleges are state actors and immune from liability pursuant to the Eleventh Amendment. *Id.* at 490. However, Plaintiffs argue that the *Thornquest* analysis no longer applies due to recent changes in the Florida Statutes. Specifically, Plaintiffs argue that Community Colleges are characterized as local government entities rather than as arms of the State. After reviewing the relevant statutes, this Court is unconvinced that the changes in the statutes have been significant enough to warrant reclassifying Community Colleges from their current status as state actors. Thus, this Court finds the College is a state actor and that the Eleventh Amendment provides the College immunity from suit in federal court.

The Court declines to exercise supplemental jurisdiction over the remaining State law claims since it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367 (1994); *see United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Accordingly it is,

**ORDERED** that Defendants' Motion to Dismiss (Dkt.7) be **GRANTED** as to Count I and the Clerk of the Court be **DIRECTED** to enter judgment for the Defendant, The District Board of Trustees; and the Plaintiffs

shall have ten (10) days from the date of this order to file an amended Complaint as to Defendants David Buckley and Don Shattler or be dismissed with prejudice.