WOODALL, Justice.
This case arises out of the denial of Mary Wyatt’s home care license renewal application by the Mobile County Department of Human Resources (“Mobile DHR”). The Mobile DHR, the Alabama Department of Human Resources (“Alabama DHR”), Erin Wheeler, and Catherine Phillips petition this Court for a writ of mandamus directing Hon. Herman Y. *529 Thomas, Mobile County circuit judge, to 1) vacate or otherwise set aside his order denying their motion to dismiss Mary Wyatt’s state and federal claims, and 2) enter an order dismissing her state and federal claims. Their motion to dismiss cited “the grounds of the absolute and qualified sovereign immunity of Defendants from suit in court.” We grant the petition in part and deny it in part.
Mary Wyatt has been a licensed family day care provider since February 14, 1992. On February 14, 1996, Wyatt became a licensed nighttime care provider. Both of her licenses were valid for two years, expiring on February 14, 1998. In 1997, Mobile DHR’s practice for the renewal of a daytime care/nighttime care license changed. As a result, Wyatt did not receive her renewal application until after her licenses had expired.
Findings of fact made by William Pren-dergast, an administrative hearing officer, after conducting a “fair hearing” on the denial of Mrs. Wyatt’s application for a nighttime license, explained:
“The practice in Mobile County for the renewal of a daytime care/nighttime care license changed in 1997. Up until that time the application for renewal would be mailed to the licensee who would complete the application. The license worker would then pick up the license package when she visited the daycare home for the renewal inspection.
“In 1997 that practice was changed due to staff shortages at the Mobile County Department of Human Resources. As part of the new practice, a letter was to be sent to the licensee notifying the licensee that due to serious reductions in staff the licensee would have to complete a self evaluation-application form and return it to the agency at least thirty days prior to the expiration of the license. These forms should have been mailed to the licensee approximately sixty days prior to the expiration of the license. However, from the evidence presented, I find that Ms. Wyatt did not receive her letter and packet until March of 1998, which was after the February 14, 1998 expiration of her day and nighttime licenses. This letter stated in part that ‘we will attempt to renew all licenses as soon as possible, however we are aware that some of your licenses will expire before we have the opportunity to visit your facility.’ Ms. Wyatt did not mail the completed license package back to the Department.”
DHR gave Wyatt no notice of its intent to revoke her licenses. Following inspection visits on May 29, 1998, and July 13, 1998, a DHR worker, Catherine Phillips, sent Wyatt a letter denying the renewal of her nighttime license. Phillips informed Wyatt that she was entitled to an administrative hearing as a result of this adverse action. Wyatt timely requested a fair hearing. Erin Wheeler, the Mobile DHR director, refused the hearing, alleging that Wyatt’s licenses had expired prior to her submission of a renewal application. Wyatt contends Catherine Phillips and Hank Jordan of DHR attempted to have her prosecuted for operating without a license, and that she suffered financially because of DHR workers acting in their individual capacities.
On November 6,1998, Wyatt filed suit in Mobile Circuit Court, seeking injunctive relief to prevent DHR from revoking her licenses without the due process of a fair hearing. The Honorable Robert G. Kendall granted the injunction on December 4, 1998. That case was dismissed without prejudice on April 30, 1999, after DHR granted Wyatt’s day care license and granted her request for a fair hearing on the denial of her nighttime license.
*530 After the hearing, the administrative hearing officer issued an order, finding that “the Mobile County Department of Human Resources did not prove by a preponderance of the evidence that Wyatt’s application to operate a family nighttime home should have been denied.” He reversed DHR’s decision and directed that Wyatt be granted the license.
On February 10, 2000, Wyatt filed a complaint in Mobile Circuit Court against Alabama DHR, Mobile DHR director Erin Wheeler, and Mobile DHR day care licensing worker Catherine Phillips, claiming compensatory and punitive damages. Wheeler and Phillips were sued in both their individual and official capacities. Wyatt’s complaint alleged state tort claims and federal and state due process violations in eight counts: Count One— negligence in inspection, investigation, and denying license renewal; Count Two— slander in publishing to others that she was dishonest, was breaking the law, and was going to be prosecuted; Count Three — outrage for egregious, outrageous, and offensive behavior; Count Four— wantonness; Count Five — negligent violation of state and federal statutes; Count Six — negligent violation of due process rights under both the United States and the Alabama Constitutions; Count Seven — breach of contract; and Count Eight — privacy violations by spreading false and malicious information to others about the private aspects of Wyatt’s character and business.
The petitioners moved to dismiss the complaint, asserting sovereign immunity. The trial judge denied the motion on May 23, 2000, stating no reason. A motion to reconsider was denied on July 24, 2000, without explanation. The defendants petitioned for a writ of mandamus from the Court of Civil Appeals. That petition was denied on August 22, 2000. This petition followed.
We first consider whether Alabama DHR, Mobile DHR, and Erin Wheeler and Catherine Phillips, in their official capacities, are immune from state and federal claims based upon sovereign immunity. Pursuant to § 14, Ala. Const. of 1901, the State of Alabama and its agencies have absolute immunity from suit in any court. Ex parte Franklin County Dep’t of Human Res., 674 So.2d 1277, 1279 (Ala.1996). An action suing State employees in their official capacities is considered a complaint against the State, and is also barred by § 14 of the Alabama Constitution. Ex parte Alabama Dep’t of Forensic Sciences, 709 So.2d 455, 457 (Ala.1997). As to federal claims, “the Eleventh Amendment prohibits actions seeking a monetary award from a state, state agency or state employee sued in his or her official capacity.” Ross v. State, 893 F.Supp. 1545, 1549 (M.D.Ala.1995). Thus, the motion to dismiss the complaint as to the state and federal claims against Alabama DHR, Mobile DHR, and Erin Wheeler and Catherine Phillips, in their official capacities, is due to be granted.
We next consider whether the trial court abused its discretion in denying the motion to dismiss the federal due process claims against Wheeler and Phillips in their individual capacities. Those claims are due to be dismissed on the authority of Bowman v. Alabama Department of Human Resources, 857 F.Supp. 1524 (M.D.Ala.1994). In Bowman, a day care operator brought suit against DHR and its officials for alleged due process violations in its license revocation procedures. The United States District Court held that a day care license is a state-created property right, and, thus, it does not enjoy substantive due process protection. Id. at 1529. The United States District Court then held *531 that post-deprivation remedies made available by the State can satisfy procedural due process rights. Id. at 1530. It is undisputed that there was a fair hearing before an administrative hearing officer, after which Wyatt’s nighttime care license was reinstated.
Finally, we consider whether the trial court abused its, discretion in denying the motion to dismiss the state claims against Wheeler and Phillips in their individual capacities. In Ex parte Cranman, 792 So.2d 392 (Ala.2000), a plurality of this court offered a restatement of the rule governing State-agent immunity:
“A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s
“(1) formulating plans, policies, or designs; or
“(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
“(a) making administrative adjudications;
“(b) allocating resources;
“(c) negotiating contracts;
“(d) hiring, firing, transferring, assigning, or supervising personnel; or
“(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; ...
[[Image here]]
“Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
“(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules or regulations of this State enacted or promulgated for the purpose of regulating the activities of a government agency require otherwise; or
“(2) When the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.”
Id. at 405. (Emphasis added.) That restated rule of immunity was adopted by this Court in Ex parte Butts, 775 So.2d 173, 177-78 (Ala.2000). Wyatt’s complaint contains state claims against Wheeler and Phillips individually. This Court has stated that it is not for it to determine, based on the complaint, whether the plaintiff will prevail, but only if she may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57, 59 (Ala.1982). Thus, the trial court did not err in denying the motion to dismiss Wheeler and Phillips in their individual capacities. There has been no discovery in this action. After discovery, Wheeler and Phillips will have the opportunity to move for summary judgment on the ground that they are entitled to State-agent immunity as defined in Ex parte Cranman.
We grant the petition for writ of mandamus in part, and direct Judge Thomas to enter an order dismissing both the state and federal claims as to Mobile DHR, Alabama DHR, and Wheeler and Phillips, in their official capacities. We deny the petition as to the state claims against Wheeler and Phillips, in their individual capacities.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
MOORE, C.J., and HOUSTON, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
SEE, J., concurs specially.